FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 8 2022

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

Kevin Brian Bray          )
    Petitioner          )
                )
    v.          )   Case No.: 2:22-cv-00142-BSM-JTR
                )
John P. Yates, Warden, F.C.I.          )
Forrest City and United States          )
of America          )
    Respondent          )

**Reply to John P. Yates Response to Petitioner's Motion**
**filed under 28 U.S.C. § 2241**

      Petitioner, Kevin Brian Bray, submits the following reply in support of his writ of habeas corpus filed properly under 28 U.S.C. § 2241 and in direct rebuttal of the statements and claims made by the Respondent John P. Yates and associated proxies.


**BACKGROUND**

      Bray's background has been well established by the Petitioner (id at Pet) and the Respondent (id at resp) and therefore there appears to be no need to repeat it herein.


RESPONDENT"S CLAIMS OF "AMBIGUITY"

      The issues before this Honorable Court ultimately center around the plain statuory language of the First Step Act (P.L. 115 - 391) versus the Respondent's reinterpretations based on claims of "ambiguity." Wherein Congress was decidedly unambiguous in the language used in the First Step Act regarding it's intent to legislate a process by which Federal prisoners could earn time off of the incarceration phase of their sentence and integrate back into society through participation in Evidence Based Recidivism Reduction Programming and / or other Productive Activities.

The Respondent quotes the court in Smiley (Resp. at pg.15) "Courts give weight to the agencies interpretation ... because of a 'presumption that Congress, when it left ambiguity in a statute ... that the ambiguity would be resolved ... by the agency, and the desired agency (rather than the courts) to possess whatever degree of discretion the ambiguity allows.' "

It is true, previous courts have been justified in presuming the Bureau of Prisons is acting in good faith. (See Sossaman v. Texas, 560 F.3d 316, 325 (9th Cir. 2009), "Government actors in their soveriegn capacity and in exercise of their official duties are accorded a presumption of good faith because they are public servants and not self-serving private parties."

That presumption, however, must fail when "in exercise of their official duties" those same "government actors" knowingly and willingly subvert the "unambiguous" language of Federal Law and Congressional intent, thereby - as a bureaucratic whole -  are acting as a "self-serving private party." Proof of this is due, in no small part, to the fact that the B.O.P. is "chronically mismanaged" (NY Times: Dept. of Justice Taps Oregon Official to Run Troubled Bureau of Prisons (July 11, 2022)) and suffers from "widespread corruption and misconduct" (AP: Justice Dept Taps Performing Outsider to run Federal Prisons (July 12, 2022)). Even the Chairman of the Senate Judiciary Committee, Sen.Richard Durbin (D-IL) said, "One investigation after another has revealed a culture of abuse, mismanagement, corruption, torture and death that reaches the highest levels." (Arkansas Democrat Gazette: Legislation Aims for Prison Fix (Sept. 29, 2022) (Exhibit 3A). On

Spt. 29, 2022 B.O.P. Director Colette Peters stated before the Senate Judiciary Committee; "I am committed to eradicating all criminal activity and unethical behavior in the Agency." Thus admitting that the aforementioned is true.

Whereas Smily may have been applicable in the past, in light of the rampant corruption, abuse and mismanagement within the B.O.P., such consideration must fail here. Congress obviously feels similarly, with the introduction of bipartisan legislation "The Federal Prison Oversight Act" (id at exhibit 3A). The "faith" Congress may have once had in the Bureau's "degree of discretion" regarding "interpretation" of what is and what is not "ambiguous" in Federla Law no longer exists.

The Respondent further refers to the court in Auer (Resp at P.15), "Courts similarly defer to an agency's interpretation of it's own regulations" and (Resp. at P.14) "under bedrock principals of common law, courts defer to agency's interpretation of a statute when the agency has been 'charged with responsibility for administering the provision' by Congress (id at Chevron).

The reply to this court by the REspondent and associated declarations by Smith (id at Resp. Exhibit A) and Giddings (id at Resp. Exhibit B), present claims and statement as well as quote bureau policies and memorandum, that - on their face - are in direct conflict with the plain statutory language of the First Step Act of 2018. Therefore, any deference the courts in Auer and Chevron might have afforded the Bureau, it must fail here when the Bureau's statutory "interpretation" and their associated "regulations" are completely counter intuitive

to the actual language of the First step Act as Law; rendering these policies, memorandum (i.e. regulations) both inapplicable and unlawful.

Previous courts have held, "Because we interpret statutes in context and disfavor interpretations that render statutory language superfluous." (See Duncan v. Walker, 533 U.S. 167, 174, 121 S.Ct. 2120, 2125, 150 L.Ed. 2d 251 (2001) "It is our duty to give effect ... to every clause and word in a statute.")

Thus a "presumption generally exists that Congress means what it says in a statute." (see Montreal, Maine and Atlantic Railway, Ltd., 558 B.R. 473, 491 n.16 (B.A.P. 1st Cir. 2016) aff'd 953 F.3d 29 (1st Cir. 2020) "Courts must presume that a legislature says in a statute what it means and means in a statute what it says there." (Quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253 - 54, 112 S.Ct. 1146, 117 L.Ed. 2d 391 (1992)). If it is proper for the courts to presume a legislature meant what it said, it stands to reason that an un-elected bureaucratic body, such as the B.O.P. must also defer to congressional language and intent. Especially when that language and intent is 'unambiguous' in nature. Therefore, as the Respondent opened the door, Petitioner presents the following rebut as factual support.

## I. B.O.P. Directed to take specific action

Respondent states (Resp. at P.3,I), "The First STep Act ... enacted into law on December 21, 2018 ... directing the B.O.P. to take specific actions ... developea risk and needs assessment system no later than 210 days after enactment ...(i.e. July 19, 2019)."

Congress was unambiguous in their statutory language "no later than 210 days ..." (18 U.S.C. § 3632(a)). Rather on July 19, 2019 the Attorney General posted a document titled "First Step Act of 2018: Risk and Needs Assessment System" (webaddress id at Resp. P.4). This was NOT a risk and needs assessment system, merely a partial prototype risk assessment tool called "PATTERN." On Decemeber 31, 2019, the B.O.P. posted on the Federal Register a document titled "Good Conduct Time Credit under the First Step Act" (82 FR 72274 (Dec. 31, 2019)) regarding a proposed rule change: Where in the summary section the document states: "However, as provided in the F.S.A., this change will not be effective until the Attorney General completes and releases the Risk and Needs Assessment System." (emphasis added).

This is 375 days post enactment and 165 days beyond the July 19, 2019 deadline. The Giddings declaration (Resp. Exhibit A, Attach. 1), the "Stover Memorandum" states in bullet point 3, the "'presumed participation period through April 28, 2021, the PATTERN Risk Level established on this date (April 28th, the start date for the PATTERN Auto-calculation)."

PATTERN being the name of the risk and needs assessment system as stated in the July 19, 2019 document was thus not established until April 28, 2021. This is 858 days post enactment and 648 days after the unambiguous, statutorally mandated 210 days deadline as defined in the First Step Act. In this instance the Bureau violated Federal Law with apparent impunity.

## II. Earned Time Credits

A) Earned Time Credits: 18 U.S.C. § 3632(d)(4)(A) is decidedly clear in it's language. "A prisoner ... who successfully completes Evidence-Based Recidivism Reduction programming or Productive Activities <u>shall</u> earn time credits. 28 CFR 523 and 541 of January 19, 2022, "An eligible inmate ... who successfully participates in EBRR or PAs ... will earn FSA time credits." (also see Resp. at P.7).

The Respondent states in reference to the Giddings Declaration (id at Resp. Exhib. B) and it's reliance on the Memorandum of Rick Stover (id at Attach. 1), where in bullet point 1 states, "The earning of FTCs is based on being in 'earning status' <u>NOT</u> the "participation in or "completion of individual programs." Giddings goes on to state in footnote 1(id at Exhib. B, P.4), "the BOP is operating under the Stover Memorandum until publication of the Permanent Policy ... this memorandum mirrors the policy that will be published."

Congres was unambiguous in the statutory language of 3632(d)(4)(A) and 28 CFR 523 and 541 wherein Time Credits are earned by 'participating in' and 'completion of' EBRR and PA programming, but the B.O.P. believes they can change the contextual intent of that law through memorandum and / or policy.

In CFR 523 and 541 of 01-19-2022, in response to the commenters regarding eligibility, the Bureau responded: "It is outside the Bureau's authority to alter the exclusions as stated in the FSA." Yet reframing the contextual intent of the unambiguous statutory language appears to be fair game. Again Smiley, Auer and Chevron all fail here as the courts must turn to the statutory language as

written under the presumption that when Congress stated repeatedly throughout the First step Act that "participation in" and "completion of" Evidence-Based Recidivism Reduction programs or Productive Activities is what earns the time credits - that is exactly what they meant. There is no "ambiguity" here.

B) Programming:  The Respondent states (Resp. at P.8) "Congress indicated an inmate may not earn time credits for EBRR programming or productive activities they successfully completed 'prior to the date of enactment ... " 18 U.S.C. § 3632(d)(4)(B).

This is intentionally misleading. The exact language of the statute 18 U.S.C. § 3632(d)(4)(B) only refers to EBRR programming. "Productive Activities" is onmitted in (d)(4)(B) and therefore it must be concluded that such omission was intentional, as the term 'productive activities' appears in both (A) and (C) of 3632(d)(4). Then by design 'Any Productive Activities' a prisoner successfully completed from the commencement of their sentence under 3585(a) must count when considering the Earned Time Credits under the First Step Act.

This intent is further found in 18 U.S.C. § 3621(h)(4) "Beginning on the date of enactment ... the Bureau of Prisons ... and 'may' offer to prisoners ... the incentives and reqards described in subchapter D." Where in the context of 3621(h)(4) the word 'may' is a congressional grant of authority to the Bureau not a degree of discretion. (see Miccosukee Tribe of Indians v. United STates, 4-cv-21448-Gold / McAliley (U.S.D.C. S.D. FLA, July 29, 2008) (granting summary judgement pps 29-31)

7

(quoting Usmani v. U.S. Attorney General. 483 F.3d. 1147, 1150 - 1151 (11th Cir. 2007). "The word 'may' creates a presumption of some degree of discretion, but 'this presumption can be defeated by indications of legislative intent to the contrary or obvious inferences from the structure and purpose of the statute.") Thus in 3624(h)(4) the Bureau of Prisons was given congressional authority, or permission, to utilize previously existing activities for the purposes of immediate earned time credit incentives; Not that the Bureau was given discretionary authority to defeat the tenets of the First Step Act by denying all time credits previously earned through participation in productive activities.


C) Incentives: The Bureau stated in 28 CFR 523 and 541, The Bureau is "not authorized to alter the exclusions" in the First Step Act. However, the Stover Memorandum is substantatively in conflict with the statute and further establishes defeating absolutes.

>    · "Inmates who refuse to participate in any portion of the needs
>    assessment process and / or refuse / decline any program recommended
>    to address a[s] specific identified need area, will be considered
>    "opted out" and in non-earning status."

"Earning status" under this context appears no where in the law as written. This, then, opens an inmate up to the already proven abusive and corrupt behavior of B.O.P. employees, who can - without the knowledge of the inamte - access the system, add a required need and then enter "refused" or "declined" thereby stopping the inmate from earning and / or applying time credits, until such time as the inmate discovers he is in "Refusal Status."

>    Case in point - Petitioner did not know of his being in "Refusal

8

status" until he received the Respondent's reply to this court.


III. Presumed Participation Period

        The Respondent states (Resp. at P.8) "Because the Bureau was
not equipped to administratively track inmates' participation in EBRR
programs or Productive Activities in relation to their assessed needs."


        This is absurd on it's face. The Bureau has tracked the Petitioner's
every job (id at Pet. Exhibit 2), every class (id at Pet. Exhibit 3)
and even the administrative remedies he has filed (id at Resp. Exhib.
A, attach. 2). Further to the point that the B.O.P. has used a form
provided at every team meeting with the Petitioner titled "Individualized
Needs Plan - Program Review" (exhibit 2A) where in it shows on page
1 of 3 sections for work assignments and education courses (note these
extend all the way back to 2008). On the bottom of pg. 2 of 3 are sections
for "Progress Since Last Review," "Next Program Review Goals," "Long
Term Goals," and "RRC / HC Placement."


        "Presumed Participation" implies the B.O.P. had no idea if
an inmate was participating in programming, in relation to an individualized
needs assessment, which - at least in some form or an other - has existed
throughout the Petitioner's entire sentence.


        The Respondent states (Resp. at P. 8), "Time Credits will be
earned for 'every 30 day period that an eligible inmate has successfully
participated' in EBRR programs or Productive Activities."


        This is semantically deceptive. The statute does not read this

way. The language in 18 U.S.C. § 3632(d)(4)(A)(i) "A prisoner shall earn 10 days of time credits for every 30 days of <u>successful participation</u> in Evidence-based recidivism reduction programm<u>ing</u> or productive activit<u>ies</u> and (ii) A prisoner ... shall earn an additional 5 days of time credits for every 30 days of <u>successful participation</u> in evidence based recidivism reduction programm<u>ing</u> or productive activit<u>ies</u>." There is no ambiguity.

The addition of the word "period" by the Bureau ('every 30 day period') changes the emphasis from "programming" as stated throughout the entire act) to "time-frame." thus changing the context of the statutory language. In this way the B.O.P. can then justify it's negation of "Participation in" or "completion of" individual programs. This is a concious effort by the Bureau of Prisons to limit and / or outright deny inmates' earned time credits as statutorally provided in the First Step Act.

IV. B.O.P. to develop guidelines: The respondent states (Resp. at P. 9), "Fourth, the B.O.P. was directed to develop guidelines for the loss of time credits for 'disciplinary violations'."

The Petitioner has had no disciplinary actions taken against him, yet the Respondent has placed him in "Refuse / Non-earning status."

Further, 18 U.S.C. § 3632(e) "The Director of the B.O.P. shall develop guidelines for the <u>reduction</u> of rewards and incentives earned under subsection (d) for prisoners who violate <u>Prison Rules</u> or <u>evidence-based recidivism reduction program</u> or <u>productive activity rules</u> which shall provide - (1) general <u>levels</u> of violations (the Stover memo simply

states All or None); (2) That any reduction that includes loss of time credits **shall** require written notice ... and **shall not** include any future time credits ..." (Petitioner has never received any written notice - beyond the receipt of the Respondent's reply to this court that he is in some type of "Refusal / Non-earning Status," and this has - according to the Respondent - persisted to this day, affecting his future time credits; (3) for a procedure to restore time credits that a prisoner has lost."

(To date no such restoration program exists.) Nothing contained in 18 U.S.C. § 3632(e) is applicably ambiguous.


## V. Early release from Incarceration

Petitioner states (Resp. at P. 9 - 10), "Placement in pre-release custody includes either placement in a residential Re-entry Center (R.R.C.) or Home Confinement for the amount of time credits earned (see 18 U.S.C. § 3624(g)(2)), and any time limits on the length of pre release palcement are waived (see 3624(g)(1)) ... " only to turn around and state in the same paragraph "The Director of the Bureau of Prisons 'may' transfer the prisoner to begin any such term of supervised release at an earlier time 'not to exceed 12 months' (id at 3624(g)(3))."


The Gidding declaration (P.3, No. 5) "up to 365 FSA Time Credits may be applied to an inmate's record to create an earlier projected release date for transfer to supervised release." and again (P. 6, No. 18) "The statutory maximum of 365 earned FSA Time Credits ..."


First, the previous time limits as defined in 18 U.S.C. § 3624 **(b)** and 18 U.S.C. § 3624(c) are not applicable regarding FSA earned

time credits. 18 U.S.C. § 3624(g)(10).

Second, 18 U.S.C. § 3624(g)(1) Eligible prisoners ... (A) has
earned time credits ... in an amount that is **equal to** the remainder
of the prisoner's term of imprisonment ... 18 U.S.C. § 3624(g)(2) ...
**shall be placed** in prerelease custody as follows ... (A) Home Confinement
... (iv) until the prisoner has served not less than 85% of the prison
sentence.

Third, 18 U.S.C. § 3624(g)(3) ... The Director of the Bureau
of Prisons may transfer the prisoner to begin any such term of supervised
release ... not to exceed 12 months.

There is nothing ambiguous about this. Program (EBRR or PAs)
earn time credits, transfer to home confinement (or a RRC facility)
and apply upto 365 earned time credits towards beginning the term of
supervision a year sooner. therefore, 3624(g)(2)(A)(iv) demonstrates
there is no cap on how many earned time credits a prisoner may earn
or apply towards early release from the incarceration phase of his
sentence.

## VI. The Stover Memo

Respondent directly and via the Gidding's declaration present
the Rick Stover Memorandum as the definitive policy (mirroring the
final rule (id at footnote 1)). Yet the entire memorandum is replete
with direct conflicts to the plain unambiguous statutory language.
Bullet Point (BP) after bullet point conflict arises, as shown:

BP1: Previously presented,id at II.A. No ambiguity.

BP2: "Inmate can begin earning ... stating with the enactment
    ..."

· This is in direct conflict with 18 U.S.C. § 3632(d)(4)(A)(i)
  and (ii) as well as 3632(d)(4)(B) where in productive activites
  count from the commencement of the sentence under 3585(a).
  No ambiguity.

      ... 2 cont.: "The presumed participation period."
· This is previously presented, id at III.

BP3: PATTERN Risk level (the name for the risk and needs assessment
    sytem) established on April 28, 2021.
· 640 days beyond the deadline, in direct conflict with statuory
  mandate.

BP4: "Only days where the inmate was incarcerated outside the
    facility,"
· 18 U.S.C. § 3632(d)(4)(B)(ii) only excludes "prior to the
  date the prisoner's sentence commenced." And therefore any
  time when the petitioner was incarcerated "outside the facility"
  would fall under 28 CFR 523.41(C)(3) "a temporary interruption
  that prevents the inmate from participating ... will ordinarily
  not affect the inmate's successful participation' (id at
  Resp. P. 7).

      ... 4 cont. : "or refusing / decling pre-existing FSA
      programming (e.g. FRP, Drug education, GED etc.) will
      be excluded from successful participation."

13

- This is in conflict with 18 U.S.C. 3632(e)(1) Providing for
  general levels of violations and (2) shall require a written
  notice, and (3) a procedure to restore lost time credits.

BP5: "Beginning January 15, 2020, inmates ... <u>must</u> have a PATTERN
      level calculated and <u>must</u> have completed <u>all</u> components
      of the SPARC-13 <u>prior</u> to beginning to earn FTCs."
- No where in the statute does it require an inmate to complete
  anything beyond EBRR programming or productive activities,
  to be eligible to earn time credits. (Note Earned Time Credits
  in the Stover memo are renamed FTCs.)

BP6: Inmates will have ... level of minimum or low ... or dropped
      to a minimum or low ... <u>prior</u> to being ... able to apply
      FTCs earned."
- This is in direct conflict with unambiguous statutory language
  which make no such requirements. 18 U.S.C. 3632(g)(1)(D)(i)(I)
  "... has been determined to be a minimum or low risk to recidivate
  pursuant to the last 2 reassessments of the prisoner; <u>OR</u>
  (II) has had a petition to be transferred to pre-release custody
  or supervised release approved by the warden ..." The word
  <u>OR</u> in the statutory language delineates that if you are not
  a minimum or low (as defined in (I)), then the following
  criteria for a medium or high risk level inmate to apply
  time credits and provides the unambiguous steps that inmate
  must take (id at II): First petition the Warden (aa) that
  you are no danger to society; (bb) have made good faith effort
  to bring down your score through programming and (cc) are

14

unlikely to recidivate. Therefore, denial of earned time
credits if the inmate's level is medium or high is untrue.

BP8: "Inmates can only apply the credits if they have no
detainers, unresolved pending charges and / or unresolved
immigration status issues."

: Other courts have already ruled on this matter. Most recently
in Jones v. Engleman, Case No.: 2:22-cv-05292, 2022 US
Dist. Lexis 185635 (CD Cal. Sept. 7, 2022), Moody v. Gubbiotti,
case no.: 21-12004, 2022 US Dist Lexis 181399 (DNJ Oct.
3, 2022) and Jones v. Warden, 2022 US Dist Lexis 185029
(Oct. 7, 2022) (case no. not found).

BP9: "Eligible inmates. ... earn FTCs ... until they have
accumulated 365 days."

· It has previously been established that there is no cap
on how many earned time credits an inmate can earn. (id
at II.A.,B., III and V).

... 9 cont.: "or 18 months from their release date,
whichever happens first. At this point their release
date becomes fixed ..."

The Gidding declaration carries this further (id at
Exhib. B p.6) "This 18 month cut off is necessitated
by the need for a predictable release date. As an inmate's
projected release date approaches, his release date
cannot be a moving target because the BOP requires
time to effectively engage the inamte in prerelease
preparation planning which include transfer to a community-

15

based residential program ..."

- This conflicts with the First Step Act on a number of levels, not the least of which is that there is no such provision for an 18 month cut off date. But 18 USC 3624(g)(1)(A) ... Has earned time credits ... in an amount that is equal to the remainder of the term of imprisonment ..." is unambiguous that the projected release date is exactly a moving target based on the prisoner's drive to program. Further, all EBRR and PA programs **are** most deliberately prerelease planning and is tracked in the "Individualized needs plan" (id at exhib. 2A). Lastly, this 18 month cut off effectively ignores 18 USC 3624(g)(2) "A prisoner shall be placed in prerelease custody ..." and 3624(g)(2) (A) Home confinement, or (B) RRC placement, then upto 365 days of FSA earned time credits can be applied to begin supervised release sooner.

- Therefore, if the Stover memo which makes it clear that FTCs are not based on "participation in" or successful "completion of" programming is an all or nothing approach and caps the inmate at 365 days of earned time credits ... and this mirrors the automated system (id at Gidding's footnote 1), then the Bureau and the automated system are calculating earned time credits incorrectly.


## VII. Questions before this court

Petitioner asks this court for understanding as these questions are responded to in order of relevance.

1. Mr. Bray is not eligible to have his earned time credits under the First Step Act (FSA Time Credits) applied because he is

declining to participate in the BOP's Residential Drug Abuse Program.

The Respondent presents Attachment B, Declarations of Susan Giddings These declarations are signed under the penalty of perjury pursuant to 28 USC 1746. Where in she states:

(1) She is "Chief of the Unit Management Section of the Correctional Programs Branch (CPB) in the Bureau's Central Office located in Washington D.C." Gidding has "worked for the BOP since February 1991 and been in her current position since Decemeber 2019."

(2) Giddings is "intimately involved in the development and implementation of the BOP's FSA procedures."

(3) As a part of her duties, she has "access to BOP files ... related to inmates ... including the SENTRY database ... including but not limited to an inmate's ... participation in programming."

(25) "Petitioner has been in Residential Drug Program decline status (DAP Decl.) since June 21, 2022 ..."

(31) "The Petitioner declined to participate in the residential drug abuse program (RDAP) beginning June 21, 2022."

Response: Mr. Bray did not decline RDAP. In consultation with Helena Alpha Case Manager Mr. Jenkins, during his team meeting on 07-05-2022 (see exhibit 2a), After careful consideration and review of Petitioner's individual criminogenic needs it was determined:

1.  The sentencing judge "recommended" a drug treatment program, but did not specifically state the RDAP program.

2.  That given the Petitioner's remaining sentence he would

better benefit from the NRDAP (Non-Residential Drug Abuse
Program) in compliance with the judge's recommendation. (id)

3.  Petitioner has been on the NRDAP wait list since 07-05-2022
    (id at Pet. Exhib. 4) and was confirmed by psychology
    staff on 07-08-2022.

4.  According to the FBOP Forrest City inmate handbook, page
    52, lines 9 and 10 (exhibit 2G) RDAP is "voluntary."

On 06-28-2022, Petitioner received a copy of the FSA needs
reassessment (exhibit 2D, p.2) which shows no refusal status of any
kind. (Note this is 7 days after Respondent states Petitioner went
into "DAP Decl." and "Refusal status."). Petitioner was, as previously
stated teamed on 07-05-2022, (exhibit 2A shows the SENTRY data as
of 07-03-2022 (bottom right)), "Current FSA Assignments" (id at Pg.2)
Petitioner is eligible and shows no refusal status. (Note: This is
15 days after the Respondent states Petitioner went into "Refusal
status."). Under 18 USC 3632(e)(2) "Any reduction that includes the
loss of time credits shall require written notice to the prisoner.
As previously established, Prisoner (Petitioner) received no such
notice. Furthermore, Mr. Jenkins made no reference to the said "refusal
status" at the 07-05-2022 team meeting.

On 07-05-2022, Petitioner filed a BP-8 (Informal Resolution)
regarding FSA credits (exhibit 1A). On 07-06-2022 Helena Unit Manager
Mr. Hawkins replied to the BP-8 stating, "You are eligible and are
at a low recidivism level," but makes no reference to the Petitioner
being in "DAP Decl" "Refusal status." (16 days later).

The first time the Petitioner was made aware of his "refusal status" was on 10-19-2022 when Petitioner received, by way of this court, any indication that such "refusal" had occured.

Petitoner went directly to Helena Alpha unit counsellor, Mr. Hanks, for an explanation, stating "I did not decline RDAP, I opted for the NRDAP and Mr. Jenkins agreed." Mr. Hanks responded, that "at the end of September (2022) he got a memo from Central Office on that issue and to be patient and it would get resolved." (Confirmation of that conversation is Exhibit 2E).

Petitioner then spoke to Mr. Jenkins who independently verified the memo's existence and reiterated that Petitioner should be patient and Central Office was fixing the issue. (Confirmationnof that conversation nis Exhibit 2F).

Ms. Giddings is a 31+ year veteran of the BOP. She is the Chief of the Unit Management Section of the CPB and is intimately involved in the BOP's FSA procedures. Yet, in her October 05, 2022 declarations she makes no mention of, or reference to the Central Office memo addressing the RDAP / NRDAP enrollment disparity as referenced to by the FCI Forrest City Unit Team Staff members, who made it clear that this memo was delivered at the end of September (2022).

Mr. Bray was **NOT** in "refusal status" for any reason 16 days after Giddings reports that he was placed in decline status. Bray was never given any written notice of the change in his ability to earn time credits per 18 USC 3632(e)(2). As such, any "refusal status"

had to have been back dated in the system,by someone who has access
to SENTRY files, including but not limited to inmate files and including
but not limited to participation in programs. Thereby intentionally
(or so it would appear) attempting to mislead this Honorable court
to believe that Mr. Bray was "refusing to program." When a review
of exhibit 2A, and id at Pet. exhibit 2 and 3, Petitioner has a long
track record of programming. Further on pg. 2 of Exhibit 2A. "Long
Term Goals," case manager Mr. Jenkins even wrote "Enroll in the Non-
Residential" DAP program, and he has been since 07-05-2022 (confirmed
on 07-08-2022, id at Pet. Exhibit 4).

On October 25, 2022. Petitioner filed a BP-8 (Informal resolution)
on this issue with the Psychology Deparetment Dr. Owens (Exhibit 2H)
and though some of the referenced material was confused - the request
is not moot. This BP-8 was confirmed to have been delivered to Unit
Counsellor Mr. Hanks (exhibit 2I) and en electronic cop-out was followed
up to Dr. Owens on 10-25-2022 (exhibit 2J).

It is inconceivable that opting for one program (NRDAP) over
another program (RDAP) in agreement with the Unit Case Manager somehow
reaches the level of a "violation of prison rules" or "violation of
Evidence-Based Recidivism Reduction Program or Productive Activity
rules" as intended under 3632(e).

To be clear - Mr. Bray did **NOT** refuse the RDAP program. He
was given a choice of programming options and he chose the NRDAP program.
All of this is in addition to the fact that the entire "earning status"
process is based on the Stover memorandum which Petitioner has shown

in detail is in direct conflict with the statutory language of the
First Step Act as Federal Law. In light of all of this, there is no
legitimate reason for Mr. Bray to be denied ANY Earned Time Credits.
This includes those times when Mr. bray was disallowed at Ashland
because he failed to take a Survey on Anger management and Parenting,
or during his transfer from Ashland to Forrest City, which would also
be considered a temporary disruption in the Petitioner's ability to
program. (id at Giddings P.8, No.s 27 and 29, and Attach. 3).


   2. The B.O.P. has correctly calculated Mr. Bray's Earned Time
      Credits under the First Step Act.

Response: There are separate issues within this question. (A) Petitioner's
Risk Level which affects the number of earnable time credits; and
(B) How those credits are calculated; and (C) How many earned time
credits Mr. Bray has accumulated. (Though Petitioner contends, congressional
intent id at II.B. that Petitioner is entitled to all earned time
credits dating back to the commencement of his sentence - pursuant
to 18 USC 3632(d)(4)(B) - Petitioner only contemplates those earned
time credits since the date of enactment.).


(A) On 03-08-2022 Petitioner received a Recidivism Risk Assessment
form (exhibit 2B). This created a Recidivism Risk Score utilizing
the PATTERN Risk and Needs Assessment System version 01.02.01 (see
top left). Mr. Bray's risk level was considered a "R-Med" (Risk Level
Medium) and his general score totalled 33 and his violent score was
21.


      On 06-28-2022 (3½ months later) Mr. Bray received an updated

version nof the Recidivism Risk Assessment Score utilizing the PATTERN
Risk and needs assessment tool version 01.03.00. In this updated version
the scoring process has changed and Mr. Bray's General Score increased
to 34 and his Violent Score decreased to 17. Additionally, the criteria
for what is defined as a medium score changed from the general score
of low 30's to now in V 1.3.0 to 39. Based on this, Mr. Bray who had
a general score of 33 in March 2022 under the newly updated criteria
would have been a low risk level at that assessment period. As Petitioner
cannot be held to a standard that when updated beyond his control
categorized him incorrectly at the earlier date. Thus rendering the
2 assessment periods, as defined in 18 USC 3632(d)(4)(A)(ii) accomodated.

Therefore, for the purposes of calculations, Mr. Bray is a
low recidivism risk level and eligible for the full 15 days of earned
time credits.

(B) The Bureau by way of the Stover Memorandum (id at Resp. Exhib.
B, Attach. 1) makes it very clear that the renamed FTCs are based
on "Earning status" **NOT** "Participation in " or "Completion of" individual
programs. This is in conflict with the unambiguous language of the
statute (id at II.A.). Thus the memorandum fundamentally changes the
intent of the statutory language. This is further verified by the
Respondent (id at REsp. P.8) "Time credits will be earned for 'every
30 day period' ..." Thus semantically shifting the emphasis from programming
(as repeatedly defined in the statutory language of the First Step
Act) to "Time-Frame" (id at III) making the Bureau's version of the
First Step Act little more than additional good time credits.

A review of the Bureau's math confirms the aforementioned assertions as stated in Resp. exhib. B, attach. 3, 'FSA Time Credit Assessment,' dated 10-09-2022. It shows a start date of 12-21-2018 and a stop date of 10-09-2022 and calculated the total days, less disallowed days to equal 1212. This is simply a calendar based calculation. No programming whatsoever is calculated. The days disallowed are for not taking 2 surveys - 54 days and being in transit - 12 days, and finally the DAP Decl. because Mr. Bray chose the NRDAP program - 110 days.

The Respondent shows a convoluted process by which they come up with Mr. Bray's time credits.

1) Add all days from December 21, 2018 to October 09, 2022 (1388 days).

2) Substract "ineligible days"

   a) Did not do surveys          (-54 days)

   b) In Transit               (-12 days)

   c) RDAP Decline            (-110 days)

3) The balance is 1212 days and they divide these with 30 to get the number of FTC's. - 40.45     . The BOP drops the 0.45 months as they do not 'prorate' time credits earned.

4) The remaining 40 FTC's, is then multiplied by 10 days (Mr. Bray is eligible for 15 days each month, see exhibit 1A) deriving 400 days of FTCs.

5) Then disallow a 100% because of the "refusal status" issue.

The Bureau begins their mathematical calculations based on calendar days and not on "participation in" or "completion of" programming. Therefore, the BOP has not complied  with the statutory precepts of the First Step Act and thus their calculations can never be correct.

Mr. Bray took only those programs he had successfully completed, was participating in currently and those he requested to be enrolled in (as being on the waiting list counts as successful participation) (id at Pet. exhib. 2-10) and the calculation sheet (id at Pet exhib 12).

1) Calculate the calendar days of enrollment in each program using the BOP's stated start and stop dates for accuracy. (All programming equals 2529 ETC credits).

2) As proven in the aforementioned (a) of this section, Mr. Bray is a Low risk level qualifying him for all 15 days of ETCs.

3) Since 15 days is half of 30 days, to determine the total number of accrued days, divide the Time Credits calculated in (1) above by 2, (2529/2=1264.5 accrued days) and this gives you the exact number of accrued days that can be used towards his sentence.
Once the columns are added (note waiting list stop date was the 08-15-2022 calculation date for ease of math).

4) Mr. Bray then calculated the calendar days from 08-15-2022 to his projected release date of 05-08-2025 (no deference was given to the 12 months of halfway house (RRC) he is eligible for. This was a straight line calculation.) for a total remaining days to his projected release date of

24

977 days.

Therefore, under the statutory language in 18 USC 3624(g)(1)(A) Mr. Bray has surpassed the parity of his total earned time credits versus the time remaining on his sentence. And, under 18 USC3624(g)(2) shall be placed in prerelease custody, and under 18 USC 3624(g)(3) his projected supervised release date would adjust to 05-08-2024. Lastly, as this leaves Mr. Bray a net credit of applicable earned days (267 days), they should be applied to his term of supervised release.

Petitioner's calculations are in line with the statutory language.

From Pet. Exhibit 12:

| Program | Start | End | ETCs | Days off |
|---|---|---|---|---|
| North yard PM (job) | 12-21-18 | 02-06-19 | 47days | 47/2=23.5 days |
| Industry Basement Assembly | 02-06-19 | 09-30-19 | 237 days | 237/2=118.5 days |

Note in line one the job started prior to 12-21-2018 (id at Pet. exhib. 2) but was calculated from the date of enactment.

2) Add up all the earned time credits; in this case it is 2529 days of ETCs as of August 15, 2022. (This would be higher as of November 15, 2022).

3) Divide the total by 2. In this case Mr. Bray has 1264.5 days off of the incarceration phase of his sentence.

Also Note: In this way, any time period the prisoner would have been in the special housing unit or in transit or any other such disqualifier is redundant as prisoner only calculates EBRR programming or other

25

productive activities and waiting list periods he was actually able
to participate in and / or complete or is currently awaiting enrollment.
This is a simplified process and is within the precepts of the First
Step Act's statutory language and intent.

Mr. Bray's projected release date as defined by the BOP is
05-08-2025. This is 977 days after 08-15-2022. Mr. Bray has accrued
1264.5 days (rounded to 1265). Therefore, under the statutory language
in 18 USC 3624(g)(1)(A) he has surpassed the date of parity (where
his credits and time remaining are equal), then under 18 USC 3624(g)(2)
Mr. Bray SHALL be placed into prerelease custody (either Home Confinement
or RRC facility). This is not an option - the statute here is unambiguous.
If you are a low or minimum risk level and have reached parity, in
3624(g)(1)(A), (B), (C), and (D)(i)(I), (the word 'or' previously
discussed, id at III) therefore 3624(g)(1)(D)(i)(II) does not apply.
Furthermore, of those 977 remaining days, upto 365 days (12 months)
can be applied to begin supervised release sooner (05-08-2024). Then
any remaining credits would apply towards reducing Mr. Bray's term
of supervision as stated in 18 USC 3632(d)(4)(C) "Shall be applied
toward time in prerelease custody or supervised release, for which
as of 08-15-2022 Mr. Bray has an additional 267 days of time credits
that can be applied towards his term of supervision. Again, this
is within the precepts of the statutory language and contextual intent
of the First Step Act as Federal Law.

Mr. Bray, NOT the B.O.P., has calculated the First Step Act
earned time credits correctly.

3. **Mr. Bray failed to exhaust his administrative remedies with the Bureau of Prisons (B.O.P.).**

Response: While the courts have required prisoners to exhaust the Adminsitrative Remedies process; the First Step Act presents, at least for the foreseeable future, an issue that on it's face meets all the criteria for this requirement to be waived.

(A) It defeats the ends of Justice.   Mr. Bray has proven that he
     eligible for application of earned time credits (id at VII.1),
     that he has correctly calculated his time credits in accordance
     with the statutory precepts of the First Step Act. Which in turn
     means that Mr. Bray is overdue for placement in prerelease custody
     as required by statute 18 USC 3624(g)(2). Therefore, the Administrative
     Remedies defeat the ends of Justice. (Kotler v. United States
     of America, 1:22-cv-22236-GAYLES, "Nevertheless, the court finds
     that requiring Petitioner to exhaust his remedies at this juncture
     could defeat the ends of justice.")

(B) The Administrative Remedy is futile.  (see Rose v. Lundy, 455
     U.S. 509, 516 n.7, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) "Such
     futility exists when 'an administrative procedure operates as
     a simple dead-end' with officers un*able*   or consistently unwilling
     to provide any relief to aggrieved inmates.") and (Ross v. Blake,
     578 U.S. 643, 136 S.Ct. 1850, 195 L.Ed. 2d. 117,118 (2016) "Even
     if an internal process is 'officially on the books' it is not
     'available' if as a practical matter it is not capable of use
     to obtain relief.")

        The Eighth Circuit has a long standing history of adherence
to the Adminsitrative remedy process as a way to "(1) Develop necessary
factual background on which claim is based; (2) The exercise administrative

expertise and discretionary authority often necessary for the resolution of a dispute; (3) The autonomy of the prison administration; (4) Judicial efficiency" (Mason v. Ciccone, 531 F.2d. 867, 870 (8th Cir. 1976)). And in defering to this Honorable Court's history the Petitioner did in fact exhaust the Administrative Remedy Process, which in turn also validates the futility of the process as a dead-end and as such unable or uninterested in providing relief.

To that end the Respondent provided Attachment A, Declaration of Rashonda Smith, which she signed under penalty of perjury under 28 USC 1746 on October 11, 2022, wherein she states:

(1) She is "an Associate Warden's secretary at the ... Federal Bureau of Prisons (Bureau) Federal Correctional Complex in Forrest City Arkansas, Low, institution, employed since January 2021."

(2) "I am also the Administrative Remedy Clerk ... included with my duties is the preparation of responses to Administrative Remedy requests from inmates, maintaining ... Adminsitrative Remedy files and tracking compliance with investigation and response deadlines."

(3) "Access to ... inmate central and administrative remedy files.

(15) "Inmate Bray did not file an appeal with the South Central Regional Office OR the Office of General Counsel."

As previously stated herein, Mr. did file the Informal Resolution, (see Exhibit 1 Timeline).

As shown in exhibit 1A, the unit manager ignores petitioner's calculation, stating instead he will be considered at 24 months, regardless that he has reached parity in accordance with 18 U.S.C. § 3624(g)(1)(A) and therefore should be released in accordance with 18 U.S.C. § 3624(g)(2). The BP-9 (Warden's Office) states unit team cannot apply earned time credits. If this is so, why is the administrative remedy process necessary at all? When the BP-11 is finally delivered, it pushes the issue down the road to the automated system's implementation. This is beyond the 2 year phase in period and ignores the Bureau's duty under 18 U.S.C. § 3624(g)(1) and (2). Thereby proving futility of the prisons grievance process.

Respondent R. Smith's response is misleading in that she presents the "Administrative Remedy Generalized Retrieval", printed on 9-20-22. (22 days prior to signing her declaration.) But does not show any request by the Warden's Office for additional time nor does it show the BP-10 received on 8-18-22 by South Central Regional Office. Because it was printed 22 days prior to her declaration, it does not show the Regional Office's request for an extension on 9-21-22, (the day after the printout).

Petitioner includes attachements A-E as additional validation of this futility.

C.    Exhaustion is unnecessary when the issue is of a statutory construct. Vasquez v. Stracla, 684 F.3d 431, 433-34 (3rd. Cir. 2012)(citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3rd Cir. 1981). The FIRST STEP ACT is being systematically re-written by an agency that, as admitted by the Director, is systemicly corrupt. This is identified in the claim of "ambiguity" by the respondent's reference to Smiley. Proven in practice by the Stover memorandum which point by point is in conflict with the FIRST STEP ACT of 2018 as federal law. id at (Duncan v. Walker).

CONCLUSION:

Mr. Bray has not refused or declined any program, in consultation which his case managrer-opted-for the NRDAP program. Furthermore, nothing in the FIRST STEP ACT allows the Bureau to deny "all" credits because of a programming choice. Therefore, denial of FSA earned time credits is therefore retaliatory in nature intent to deny an otherwise eligible inmate FSA earned time crdits.

Mr Bray not the BOP has correctly calculated his FIRST STEP ACT time credits, in keeping with letter, language and statutory intent of the FIRST STEP ACT as law.

As Mr. Bray has proven he is eligible and correctly calculated the earned time crddits, the administrative remedies are futile as defined by the BOP's duty to release Mr. Bray when those credits are in parity with his remaining sentence under 3624(g)(1)and(2) to home confinement, 18 U.S.C. 3624(g)(1) and (2) or RRC Facility, 18 U.S.C. § 3624(g)(2)(B) and deducting up to twelve months from his sentence as defined in 18 U.S.C. § 3624(g)(3).

Mr. Bray is harmed by the Respondent's actions because it directly affects the duration of the "imprisonment" phase of his sentence, as unambiguously defined in the FIRST STEP ACT.

Because of the statutory nature of this issue it will require the intervention to resolve this harm which the respondent is knowingly and willingly perpitrating against the petitioner. Mr. Bray reasserts his original request to this court.

Petitioner asks this Honorable Court to verify his earned time credits and enforce the FIRST STEP ACT of 2018 as directed by the United States Congress and signed into law, and reduce Mr. Bray's prison incarceration by 1265 days and any remaining or recently earned time credits being applied to his term of supervision.

Respectfully submitted to the prison mail box on the 21st day of November, 2022,
in compliance with the prison mail rule (Van Orman v. Purkett, 43 F.3d 1201,
1202 (8th Cir. 1994).


Kevin Brian Bray
#09837-033
P.O. Box 9000-Low
Forrest City, Arkansas 72336

VERIFICATION

I have read the foregoing Reply to Warden John P. Yates response under
§ 2241 and hereby verify that matters alleged herein are true, except as to
matters alleged on information and belief, and as to those, I believe them to
be true and correct. Executed at Forrest City, Arkansas on this 21st day of
November, 2022.


Kevin Brian Bray
Petitioner, Pro Se


CERTIFICATE OF SERVICE


I certify under the penalty of perjury that the foregoing Reply to Warden
John P. Yates response under § 2241 was placed in the prison's internal mail
system, postage pre-paid, for service upon this Court at  600 W. Capitol Avenue
Room 149- Little Rock, Arkansas 72201. The Petitioner asks this Court's Clerk
to serve all other interested parties by electronic notification and to send
the petitioner a filed and stamped copy.


Kevin Brain Bray
Petitioner, Pro Se

**Exhibit 1: Timeline**

07-05-2022   Informal Resolution (BP-8) delivered to Helena Alpha Unit
Counsellor Mr. Hanks. (Exhibit 1A).

· FCI Forrest City staff have refused to accept BP-8s
for the most petty of reasons (see attachment A).

07-06-2022   Informal Resolution (BP-8) returned.

· Response from Helena Unit Manager Mr. Hawkins, (id)
"You are eligible and at Low recidivism level."

· Note there is <u>no</u> reference to being in any sort of "refuse"
status.

· Request for BP-9 from Mr. Hanks.

07-10-2022   Submission of Request for Administrative Remedy (BP-9)
(Exhibit 1B.)

· Mr. Hanks refused to stamp the form as received.

· P.S. 1220.18 provides the Warden 20 days to respond
to or provide notice of request for additional time.
£Violation of 542.11 response time - "in writing").

· Respondent declaration by R. Smith, (exhibit A, attach.
2) "Administrative Remedy Generalized Retrival" dated
09-20-2022 shows no such request for additional time.

· The 20th day from submission would be 07-30-2022.

08-01-2022   Bray filed an electronic cop-out to the CMC (exhibit 1C)
notifying the administration that their failure to reply
is (a) a denial of access to the Adminsitrative Remedy
Process (see Snyder v. Hill 817 F.3d. 1037 (3rd Cir. 2004)
"Evidence of the appropriate officials refusal to give
a prisoner an available form" (or in this case return
it) "is sufficient to permit a finding that the Administrative

Remedy are not available." and, (b) That no reply in
the proper course of time is considered a denial at
that level.

08-03-2022    The BP-9 is stamped as received by the Warden's office.

· 24 days after submission and 4 days past the deadline
  for aresponse pursuant to 542.18 response time.

· Note: If an inmate failed to comply with a deadline by
  even 1 day, it would be rejected as "untimely"  or
  rejected simply because the Administration did not
  want to answer. (see attachments B and C (pt 1)).

08-08-2022    BP-9 Response from the Warden is delivered to Mr. Braay
              (9 days late)
              (Exhibit 1D)

* Response states "Unit Team does not have the capability
  to apply your first step credits."

* Inmate Message "Federal Time Credits" (Exhibit 3B)
  "As a reminder the unit team will determine an in-
  mates eligibility..."

* Mr. Bray requested a BP-10 from Hanks.

08-11-2022    Mr. Bray filed the Regional Administrative Remedy Appeal
              (BP-10) (exhibit 1E)

* This was went Certified Mail.

08-12-2022    The Certified Mail Receipt was stamped by the U.S. Postal
              Service. (id)

* P.S. 1330.1b Grants the Regional Office 30 days in
  which to respond and a 30 day extension with written
  notice (542.18) and 5 days in transit by mail.

* Therefore the Regional response to the BP-10 was due

by 09-16-2022 (or) upon receipt of written notice 10-15-2022.

* Mr. Bray received no written notice for an extension request.

09-18-2022   No response from the Regional Office was delivered to Mr. Bray (id at Snyder v. Hill) no response equals denial.

* Mr. Bray requested a BP-11 from Hanks.

09-19-2022   Mr. Bray filed the Central Office Administrative remedy appeal  (BP-11) (exhibit 1F)

* Central office has 40 calendar days to respond and an extension of 20 days with written notice (pursuant to 542.18)

* This was delivered to the Prison Post Office with attached certified and signature card required.

09-20-2022   The Certified Mail Receipt is postmarked by the US Postal Service (id)

09-26-2022   The signature confirmation was signed by Dreanna Hill of the Central Office in D.C. (id)

09-27-2022   The BP-11 was stamped as "received" (id)

10-03-2022   The central office issued a rejection notice (exhibit 1G)

10-19-2022   Mr. Bray received the rejection notice (see received stamp) (id) because he did not include the regional office response.

* Along with the rejection notice, Mr. Bray was provided an "Administrative Remedy Generalized Retrieval Form" (exhibit 1H) dated 10-19-2022 showing that the regional office had requested an extension on 09-21-2022  (6 days beyond the 30 day + 5 day time limit).

            * Pg 1330.1B(11)(B)(2) states the unit manager is to
              provide (Print and distribute daily) remedy related
              info including extension notices.

          * No such notice was presented to Mr. Bray (id at Snyder)

10-20-2022  The BP-9 was returned to Mr. Bray. (Exhibit 1I at p3)
           (received stamp)

          * Note the received date stamp of August 18, 2022, and
             the response date stamped October 12, 2022. (id at
             exhibit 1I p.4)

          * Note also: There is no mention of the decline or
             refusal status in the response from Region dated
             October 12, 2022.

          * Note: Even with the extension (which the Regional Office
             was late in requesting - provided no notice for (all
             violation of the Administrative Remedy policy 542.18)
             The response was to be delivered to Mr. Bray no later
             October 14, 2022. (10-20-2022 is 6 days beyond that
             delivery date.

10-24-2022  In light of all the previous... Bray resubmitted to
           Region the BP11 with the Regional Response (exhibit 1I
           the complete submission package).

EXHIBIT 1A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, __Administrative__
__Remedy Program__, January 6, 2014, requires, in most cases, that
Inmates attempt informal resolution of grievances prior to filing a
Formal written complaint.  This form shall be used to document your
efforts towards informally resolving your grievance.

Inmate's Name: Kevin Bray                     Date: July 5, 2022

Register Number: 09837-033        Unit: HA

Specific Complaint (include date) and Requested Relief: Please be advised
That I have earned FSA Credits totaling 33 Months and 10 Days
Meaning that I am at the door with NO HWH on July 25, 2022
I Am scored a Low Recidivism level Based on The Revised Scoring
Process Throughout The FSA Eligibility Period ( ie. 15days per Month/Per
Program.) Relief: I wish to have My Release date adjusted. Accordingly.

Efforts Made By Inmate to Informally Resolve Grievance (be
specific): _____
____ This is My first Attempt to Resolve this _____
_____
_____
_____

Counselor's Comments: The BOP is currently prioritizing inmates.
Who are within 24 months of release. You are eligible and
are at a Low Recidivism level. When your time comes you should
recieve your earned credits.

_____ 7-6-22                    _____ 7-6-22
Correctional Counselor's Review Date    Unit Manager's Review Date

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*EXHIBIT 1B*    **REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Kevin BRAY _____ 09837-033 _____ HA ____ FCI FC

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** THE RESPONSE To The BP.8 Completely ignores the Matter at HAND. I AM ELIGIBLE for IMMEDIATE RELEASE AS of July 25, 2022. Section (D)(4)(d) of The FSA says "A PRISONER SHALL EARN CREDITS...for earned Time Credits can Be Applied toward Prerelease Costody or FSA supervised Release only when accumulated credits are equal to the Remainder of The Prison Term.
I HAVE EARNED 1010 DAYS of FSA Good Time Credits EQual To The Remainder of My SENTENCE.
Relief: I want the Credits Applied and My Release date adjusted Accordingly

7-10-2022 _____    Kevin Bray

| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

'AUG 0 3 2022

_____    _____
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 1129017-F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

TRULINCS 09837033 - BRAY, KEVIN BRIAN - Unit: FOR-H-A     EXHIBIT 1C

---------------------------------------------------------------------------------------------

FROM: 09837033
TO: Low CMC
SUBJECT: ***Request to Staff*** BRAY, KEVIN, Reg# 09837033, FOR-H-A
DATE: 08/01/2022 06:16:28 PM

To: Warden c/o CMC Hill
Inmate Work Assignment: orderly

RE: BP-9 Submitted on July 12, 2022; FSA Time Credits

This is to let you know that, the lack of response to the BP-9 has been taken to mean that you have denied me access to the
administrative remedy process and thus open up my direct appeal to the courts in this matter.  The courts have ruled the
remedies process have to be available "in fact" not merely "in form".

Respectfully

EXHiBit 1D

**FEDERAL CORRECTIONAL COMPLEX (LOW), FORREST CITY, AR**
**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**
**(1129017-F1)**

This is in response to your Request for Administrative Remedy received on August 3, 2022, in which you are requesting your First Step Act credits be applied towards your Prerelease Custody or Supervised Release.

For relief, you request to have your First Step Acts Credits be applied.

A review of this matter revealed, you are eligible for the First Step Act. However, Unit Team does not have the capability to apply your First Step Act credits. Central Office runs these rosters daily and advises the institution of who's Computation has been updated. They are currently reviewing inmates that have 24 months to release.

Based on the above, this response to your request for Administrative Remedy is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the Regional Director at Federal Bureau of Prisons, South Central Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas, 75051. Your appeal must be received in the South Central Regional Office within 20 days of this response.

_____                    8-8-22
John Yates, Complex Warden                  Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

EXHIBIT 1E

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __BRAY, Kevin B._____          _____          __HA__          __Forrest City__

　　　　LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

The Wardens Response (inre Remedy #1129017) completely ignores the fact that I am beyond my release date, and blames this oversight on Region, "currently reviewing inmates that have 24 months to release". The FSA is law. It says "an inmate shall earn". I have! the FSA (as Federal law) does not limit how many ETC's or days off an inmate can earn. (see Dyer). I have earned 1265 days off of my sentence. I am now beyond eligible for immediate release. I assert my original request for relie Credit *ALL* ETC's and adjust my release date accordingly.

__8-11-22__          　　　　　　　　　　　__Kevin Bray__

　　DATE          　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          　　　　　　　　_____

　　DATE          　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**          CASE NUMBER: _____

Return to: _____          _____          _____          _____

　　　　LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT:_____

_____          　　　　　　　　_____

　　DATE          　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER          BP-230(13)

　　　　　　　　　　　　　　　　　　　　　　　　JUNE 2002



Post Mask

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

EXHIBIT IF

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | BRAY, Kevin | 09837-033 | H-A | Forrest City - Low |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

In. Re.: Remedy I.D. number  1129017;  There has been no response to the BP-10 addressed to region (See Attached Reciept).  Therefore it must be considered as denied.

The FSA state clearly "an inmate shall earn..."  I have earned 1265 days off of my sentence.  The FSA 3624(g)(1)(A) states, "Earned time credits can be applied toward pre-release custody or supervised release only when accumulated credits are equal to the remainder of the prison term.  This puts me months over-due for my release from BOP in-custody.  The courts have held that there is no limit on how many ETC's or days off an inmate can earn.  (See Dyer v. Fulgum).  To that end this matter is presently before the court in Bray v. Warden Yates/2:22-cv-00142-BSM-JTR, and the administrative remedy process is not necessary in FSA related cases (see Kotler v. USA) - Regardless, I re-assert my original request. For ALL FSA ETC's to be credited me and thereby adjust my release date accordingly.

| 9-19-22 | Kevin Bray |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1129017

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

BP-231(13)
APRIL 1982

USP LVN

Printed on Recycled Paper



Post-Mark

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Central Office Director Bureau of
Prisons
320 First Street N.W.
Washington DC    20534

9590 9402 7105 1251 0067 43

2. Article Number (Transfer from service label)

7021 2720 0003 0056 1656

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Diann hill
☑ Agent
☐ Addressee

B. Received by (Printed Name)
D. hill
C. Date of Delivery
9/24/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

*Exhibit 1G*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 3, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : KEVIN BRIAN BRAY, 09837-033
      FORREST CITY FCI    UNT: HELENA L    QTR: H02-128U
      P.O. BOX 7000
      FORREST CITY,  AR 72336


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1129017-A1    CENTRAL OFFICE APPEAL
DATE RECEIVED  : SEPTEMBER 27, 2022
SUBJECT 1      : OTHER JAIL TIME CREDIT
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR   A COPY
                OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 2: SEE REMARKS.

REMARKS        : BP10 IS PENDING RESPONSE. REFRAIN FROM APPEALING
                 PREMATURELY.



EXHIBIT 1A

```
  FORBO           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        10-19-2022
PAGE 020            *                FULL SCREEN FORMAT            *       07:24:52


REGNO: 09837-033 NAME: BRAY, KEVIN

RSP OF...: FOR UNT/LOC/DST: HELENA L            QTR.: H02-128U   RCV OFC: SCR

REMEDY ID: 1129017-R1     SUB1: 30ZM SUB2:      DATE RCV:   08-18-2022

UNT  RCV..: HELENA L      QTR RCV.: H02-128U    FACL RCV: FOR

UNT  ORG..: HELENA L      QTR ORG.: H02-128U    FACL ORG: FOR

EVT FACL.: FOR     ACC LEV:   FOR  1 SCR  1          RESP DUE:  MON  10-17-2022

ABSTRACT.: FSA TIME CREDITS, USPS 7021 2720 0003 0055 9799

STATUS DT: 10-12-2022   STATUS CODE: CLD STATUS REASON: DNY

INCRPTNO.:           RCT: N EXT: N DATE ENTD: 09-21-2022

REMARKS..: STAFFING
```

INMATE RECIEVED NO SUCH NOTICE for A Requested
EXTENSION By THE REGIONAL OFFICE - Thus THE ORiginal
BP-11 was PROPERLy Filed on 9-19-22. (SEE ATTACHeD )

```
G0002       MORE PAGES TO FOLLOW . . .
```

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Exhibit II

Type or use ball–point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

| From: | BRAY, KEVIN | 09837-033 | H-A | FOR |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

In Re Regional Office, Reply to Admin Remedy 1129017, recieved 10-20-2022
Region states "The warden appropriately addressed your concerns." The
warden stated "Unit team does not have the capability to apply your First
Step credits." This is patently false. In fact, Unit team is specifically
capable of applying FSA Credits but chooses not to. Furthermore, this
refusal denies my reight to be released when my term of imprisonment
is completed less GTC and Earned Time Credits under the FSA which is
Pub. Law 115 - 391. I have earned 1265 days off of my sentence.
    I, therefore, reassert my original request for relief:
    Credit ALL ETCs and adjust my release date accordingly.

| 10-24-22 | | Kevin Bray |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | | |
|---|---|---|
| DATE | | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | | |
|---|---|---|
| DATE | Printed on Recycled Paper | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

USP LVN

BP–231(13)
APRIL 1982

KEVIN BRIAN BRAY, 09837-033
FORREST CITY FCI      UNT: HELENA L      QTR: H02-128U
P.O. BOX 7000
FORREST CITY,  AR 72336



U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: BRAY, Kevin B.
LAST NAME, FIRST, MIDDLE INITIAL

09837-033
REG. NO.

HA
UNIT

Forrest City
INSTITUTION

**Part A - REASON FOR APPEAL**

The Wardens Response (inre Remedy #1129017) completely ignores the fact that I am beyond my release date, and blames this oversight on Region, "currently reviewing inmates that have 24 months to release." The FSA is law. It says "an inmate shall earn." I have! the FSA (as Federal law) does not limit how many ETC's or days off an inmate can earn. (see Dyer). I have earned 1265 days off of my sentence. I am now beyond eligible for immediate release. I assert my original request for relie Credit *ALL* ETC's and adjust my release date accordingly.

8-11-22
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

AUG 1 8 2022

BUREAU OF PRISONS
LEGAL DEPARTMENT, SCRO

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1129017-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL

_____
REG. NO.

_____
UNIT

_____
INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

Regional Administrative Remedy Appeal No. 1129017-R1
Part B - Response

This is in response to your Regional Administrative Remedy
Appeal receipted on August 18, 2022.  You are appealing the
Warden's response to your request for a calculation of your
Federal Time Credit (FTC) pursuant to the First Step Act (FSA).

We have thoroughly reviewed your appeal and find the Warden
appropriately addressed your concerns.  The Bureau of Prisons
has begun the implementation process for automatically
calculating FTC pursuant to the FSA.  Sentence Computations for
eligible inmates will be updated based on an inmate's Projected
Release Date.  Once the FTC calculation process has been fully
implemented, all eligible inmates will automatically begin
receiving applicable FTCs.  Your Unit Team will notify you once
the FTCs have been applied.

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section,
320 First Street, N.W., Washington, D.C. 20534.  Your appeal
must be received in that office within 30 days from the date of
this response.

OCT 1 2 2022
_____
Date

Heriberto H. Tellez
Regional Director

```
KEVIN BRIAN BRAY, 09837-033
FORREST CITY FCI     UNT: HELENA L     QTR: H02-128U
P.O. BOX 7000
FORREST CITY,  AR 72336
```

AUG 0 8 2022

**U.S. DEPARTMENT OF JUSTICE**                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Kevin BRAY                    09837-033          HA          FCI FC
      **LAST NAME, FIRST, MIDDLE INITIAL**          **REG. NO.**          **UNIT**          **INSTITUTION**

**Part A– INMATE REQUEST** THE RESPONSE TO THE BP-8 Completely ignores the matter at HAND. I AM ELIGIBLE for IMMEDIATE RELEASE As of July 25, 2022. Section (D)(4)(a) of THE FSA says "A PRISONER SHALL EARN CREDITS...for earned Time Credits AND Productive Activities. 18 USC 3624(g)(1)(A), FSA earned Time Credits can Be Applied toward Prerelease Custody or Supervised Release only when accumulated credits are equal to the Remainder of The Prison Term.
I HAVE EARNED 1010 DAYS of FSA Good Time Credits EQual TO The Remainder of My SENTENCE.
Relief: I want the credits Applied and My Release date adjusted Accordingly

7-10-2022
      **DATE**                                                                     **SIGNATURE OF REQUESTER**

**Part B– RESPONSE**

'AUG 03 2022

---

      **DATE**                                                     **WARDEN OR REGIONAL DIRECTOR**
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                                    CASE NUMBER: _112 9017-F1_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                    CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
          **LAST NAME, FIRST, MIDDLE INITIAL**          **REG. NO.**          **UNIT**          **INSTITUTION**

SUBJECT: _____

---

      **DATE**                                                     **RECIPIENT'S SIGNATURE (STAFF MEMBER)**

                                                      BP-229(13)

**FEDERAL CORRECTIONAL COMPLEX (LOW), FORREST CITY, AR**
**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**
**(1129017-F1)**

This is in response to your Request for Administrative Remedy
received on August 3, 2022, in which you are requesting your
First Step Act credits be applied towards your Prerelease
Custody or Supervised Release.

For relief, you request to have your First Step Acts Credits be
applied.

A review of this matter revealed, you are eligible for the First
Step Act. However, Unit Team does not have the capability to
apply your First Step Act credits. Central Office runs these
rosters daily and advises the institution of who's Computation
has been updated. They are currently reviewing inmates that have
24 months to release.

Based on the above, this response to your request for
Administrative Remedy is for informational purposes only.

If you are not satisfied with this decision, you may appeal to
the Regional Director at Federal Bureau of Prisons, South
Central Regional Office, 344 Marine Forces Drive, Grand Prairie,
Texas, 75051. Your appeal must be received in the South Central
Regional Office within 20 days of this response.

_____                    8-8-22
John Yates, Complex Warden                  Date



Attachment A

### DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, <u>Administrative</u> Remedy Program, January 6, 2014, requires, in most cases, that Inmates attempt informal resolution of grievances prior to filing a Formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name: Kevin Bray          Date: July 5, 2022

Register Number: 09837-033     Unit: HA

Specific Complaint (include date) and Requested Relief: Please be advised That I have earned FSA Credits totaling 33 Months and 10 Days Meaning that I am at the door with NO HWH on July 25, 2022 I Am scored a Low Recidivism level Based on The Revised Scoring Process Throughout The FSA Eligibility Period (ie. 15days per Month/Per Program) Relief: I wish to have My Release date adjusted Accordingly.

Efforts Made By Inmate to Informally Resolve Grievance (be specific): This is My First Attempt to Resolve this

Counselor's Comments: The BOP is currently prioritizing inmates who are within 24 months of release. You are eligible and are at a Low Recidivism level. When your time comes you should recieve your earned credits.

_____ 7-6-22                    _____ 7-6-22
Correctional Counselor's Review Date     Unit Manager's Review Date



| | | Individualized Needs Plan - Program Review    (Inmate Copy) | SEQUENCE: 01455628 |
|---|---|---|---|

**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: BRAY, KEVIN BRIAN  09837-033

**SEQUENCE: 01455628**
**Team Date: 07-05-2022**

| | | | |
|---|---|---|---|
| Facility: | FOR FORREST CITY FCI | Proj. Rel. Date: | 05-08-2025 |
| Name: | BRAY, KEVIN BRIAN | Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| Register No.: | 09837-033 | DNA Status: | BEC05288 / 07-07-2010 |
| Age: | 55 | | |
| Date of Birth: | 05-01-1967 | | |

**Detainers**

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

**Current Work Assignments**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| FOR | F A&O | ADMISSIONS & ORIENTATION | 06-16-2022 |

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| FOR | ESL HAS | ENGLISH PROFICIENT | 04-18-2008 |
| FOR | GED HAS | COMPLETED GED OR HS DIPLOMA | 04-18-2008 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| FOR | | FINANCIAL INVESTING 6-7P W | 07-01-2022 | CURRENT |
| ASH | C | US HISTORY I | 05-02-2022 | 05-26-2022 |
| ASH | C | HIGH SCHOOL GRAMMAR | 05-02-2022 | 05-26-2022 |
| ASH | C | A&O WELLNESS AT RISK | 03-21-2922 | 03-27-2022 |
| ASH | C | V-QUAL CONT TEC DOL APSHIP | 02-01-2020 | 09-30-2021 |
| ASH | C | COMMERCIAL DRIVERS LICENSE/FCI | 05-30-2019 | 08-07-2019 |
| ASH | C | HIGH SCHOOL MATH REFRESHER | 01-03-2019 | 04-08-2019 |
| ASH | C | VICTIM IMPACT PANEL | 01-15-2019 | 01-22-2019 |
| ASH | C | A&O WELLNESS AT RISK | 10-30-2018 | 11-04-2018 |
| MRG | C | INFORMATIONAL HEALTH FAIR | 04-19-2018 | 04-19-2018 |
| MRG | C | RPP1 - AIDS/DISEASE PREVENT | 02-07-2018 | 02-08-2018 |
| MRG | C | RPP1 - AIDS/DISEASE PREVENT | 02-08-2018 | 02-08-2018 |
| ELK | C | ACE: ALTERNATIVE ENERGY | 01-24-2017 | 06-06-2017 |
| ELK | C | RESIDENTIAL CONSTRUCTION BASIC | 01-22-2017 | 06-06-2017 |
| ELK | C | SPINNING T 5 PM | 12-20-2016 | 03-16-2017 |
| ELK | C | ENVIRONMENTAL SCIENCE | 08-14-2016 | 01-13-2017 |
| ELK | C | SPINNING T 5 PM | 03-30-2015 | 06-16-2015 |
| ELK | C | SOFTBALL UMPIRE COURSE | 03-28-2013 | 04-25-2013 |
| ELK | C | TEXT EDITING<EM> | 10-01-2012 | 10-24-2012 |
| ELK | C | DIVERSITY AWARENESS-RPP<PG> | 03-22-2012 | 03-22-2012 |
| ELK | C | AIDS AWARENESS-RPP<HN> | 03-22-2012 | 03-22-2012 |
| BEC | C | VT HVAC MON&WED 530-830 | 03-31-2010 | 09-07-2010 |
| BEC | C | REC LEATHER CLASS | 05-11-2009 | 08-12-2009 |
| BEC | C | MAJOR APPLIANCE 730-1030 T-TH | 11-24-2008 | 07-23-2009 |
| BEC | C | MONEY SMART 1 1030-1130 | 02-09-2009 | 03-17-2009 |
| BEC | C | ACE BASIC BUSINESS MATH | 11-04-2008 | 01-20-2009 |
| MAN | C | RELEASE PREP PROGRAM A&O | 04-09-2008 | 04-09-2008 |

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|

*\*\* NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS \*\**

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 06-25-2010 |
| CARE2 | STABLE, CHRONIC CARE | 03-13-2012 |

**Current Medical Duty Status Assignments**



**Individualized Needs Plan - Program Review   (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: BRAY, KEVIN BRIAN  09837-033

SEQUENCE: 01455628
Team Date: 07-05-2022

| Assignment | Description | Start |
|---|---|---|
| NO PAPER | NO PAPER MEDICAL RECORD | 06-16-2022 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 10-26-2018 |
| YES F/S | CLEARED FOR FOOD SERVICE | 02-08-2018 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| DAP QUAL | RESIDENT DRUG TRMT QUALIFIED | 04-25-2022 |
| DRG I RQ J | DRG INTRV REQD: JUD RECOMMEND | 04-09-2008 |
| ED COMP | DRUG EDUCATION COMPLETE | 05-07-2009 |

**FRP Payment Plan**

| Most Recent Payment Plan |
|---|

| FRP Assignment: | COMPLT | FINANC RESP-COMPLETED | Start: 01-10-2010 |
|---|---|---|---|
| Inmate Decision: | AGREED | 50% | Frequency: MONTHLY |
| Payments past 6 months: | $0.00 | | Obligation Balance: $0.00 |

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $400.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

**FRP Deposits**

Trust Fund Deposits - Past 6 months:   $2,426.16          Payments commensurate ?   Y

New Payment Plan:   ** No data **

**Current FSA Assignments**

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 03-09-2022 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 06-28-2022 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 06-28-2022 |
| N-COGNTV N | NEED - COGNITIONS NO | 06-28-2022 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-28-2021 |
| N-EDUC N | NEED - EDUCATION NO | 06-28-2022 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 06-28-2022 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 06-28-2022 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 06-28-2022 |
| N-MEDICL Y | NEED - MEDICAL YES | 06-28-2022 |
| N-RLF Y | NEED - REC/LEISURE/FITNESS YES | 06-28-2022 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 06-28-2022 |
| N-TRAUMA N | NEED - TRAUMA NO | 06-28-2022 |
| N-WORK N | NEED - WORK NO | 06-28-2022 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 06-28-2022 |

**Progress since last review**

| New Arrival |
|---|

**Next Program Review Goals**

| Enroll in the Anger Management course and apply to a work detail or your choosing. |
|---|

**Long Term Goals**

| Enroll in the Non-Residential Drug Abuse Program. |
|---|

**RRC/HC Placement**

| |
|---|

**Comments**

| ** No notes entered ** |
|---|



**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: BRAY, KEVIN BRIAN  09837-033

SEQUENCE: 01455628
Team Date: 07-05-2022

Name:  BRAY, KEVIN BRIAN          DNA Status:  BEC05288 / 07-07-2010
Register No.:  09837-033
Age:  55
Date of Birth:  05-01-1967

_____

Inmate   (BRAY, KEVIN BRIAN. Register No.: 09837-033)

_____

Date

_____        _____
Unit Manager / Chairperson              Case Manager

_____        _____
Date                                    Date

**FSA Recidivism Risk Assessment (PATTERN 01.02.01)**

Register Number:09837-033, Last Name:BRAY

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 09837-033 | Risk Level Inmate....: R-MED |
| Inmate Name |   General Level......: R-MED (33) |
|  Last.........: BRAY |   Violent Level......: R-LW (21) |
|  First........: KEVIN | Security Level Inmate: MEDIUM |
|  Middle.......: BRIAN | Security Level Facl..: LOW |
|  Suffix.......: | Responsible Facility.: ASH |
| Gender.........: MALE | Start Incarceration..: 02/29/2008 |

**PATTERN Worksheet Summary**

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 54 | 7 | 4 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 16 | 40 | 20 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 2 | 2 | 2 |
| Education Score | HighSchoolDegreeOrGED | -4 | -2 |
| Drug Program Status | NoNeed | -9 | -3 |
| All Incident Reports (120 Months) | 4 | 3 | 3 |
| Serious Incident Reports (120 Months) | 1 | 2 | 2 |
| Time Since Last Incident Report | 28 | 0 | 0 |
| Time Since Last Serious Incident Report | 43 | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 7 | -6 | -3 |
| Work Programs | 4 | -2 | -2 |
| | Total | 33 | 21 |

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:09837-033, Last Name:BRAY

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 09837-033 | Risk Level Inmate....: R-LW |
| Inmate Name |   General Level......: R-LW (34) |
|   Last.........: BRAY |   Violent Level......: R-LW (17) |
|   First........: KEVIN | Security Level Inmate: LOW |
|   Middle.......: BRIAN | Security Level Facl..: LOW |
|   Suffix.......: | Responsible Facility.: FOR |
| Gender.........: MALE | Start Incarceration..: 02/29/2008 |

**PATTERN Worksheet Summary**

| Item | Value | General Score | Violent Score |
|---|---|---|---|
| Current Age | 55 | 7 | 4 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 16 | 40 | 15 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 2 | 2 | 4 |
| Education Score | HighSchoolDegreeOrGED | -2 | -2 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 4 | 3 | 3 |
| Serious Incident Reports (120 Months) | 1 | 1 | 1 |
| Time Since Last Incident Report | 32 | 0 | 0 |
| Time Since Last Serious Incident Report | 47 | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 9 | -9 | -3 |
| Work Programs | 4 | -2 | -2 |
| | Total | 34 | 17 |

EXHIBIT 2D

## FSA Needs Reassessment

Register Number:09837-033, Last Name:BRAY

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

Register Number: 09837-033                    Responsible Facility: FOR
Inmate Name                                   Assessment Date.....: 06/28/2022
  Last.........: BRAY
  First........: KEVIN
  Middle.......: BRIAN
  Suffix.......:
Gender.........: MALE

### Needs Reassessment Worksheet Summary

| Need Area | - Before/After - | Assignment - | Description |
|---|---|---|---|
| Anger/Hostility | Before | N-ANGER Y | NEED - ANGER/HOSTILITY YES |
| | After | N-ANGER Y | NEED - ANGER/HOSTILITY YES |
| Antisocial Peers | Before | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
| | After | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
| Cognitions | Before | N-COGNTV N | NEED - COGNITIONS NO |
| | After | N-COGNTV N | NEED - COGNITIONS NO |
| Education | Before | N-EDUC N | NEED - EDUCATION NO |
| | After | N-EDUC N | NEED - EDUCATION NO |
| Family/Parenting | Before | N-FM/PAR N | NEED - FAMILY/PARENTING NO |
| | After | N-FM/PAR N | NEED - FAMILY/PARENTING NO |
| Finance/Poverty | Before | N-FIN PV N | NEED - FINANCE/POVERTY NO |
| | After | N-FIN PV N | NEED - FINANCE/POVERTY NO |
| Medical | Before | N-MEDICL Y | NEED - MEDICAL YES |
| | After | N-MEDICL Y | NEED - MEDICAL YES |
| Mental Health | Before | N-M HLTH N | NEED - MENTAL HEALTH NO |
| | After | N-M HLTH N | NEED - MENTAL HEALTH NO |
| Recreation/Leisure/Fitness | Before | N-RLF Y | NEED - REC/LEISURE/FITNESS YES |
| | After | N-RLF Y | NEED - REC/LEISURE/FITNESS YES |
| Substance Abuse | Before | N-SUB AB Y | NEED - SUBSTANCE ABUSE YES |
| | After | N-SUB AB Y | NEED - SUBSTANCE ABUSE YES |
| Trauma | Before | N-TRAUMA N | NEED - TRAUMA NO |
| | After | N-TRAUMA N | NEED - TRAUMA NO |
| Work | Before | N-WORK N | NEED - WORK NO |
| | After | N-WORK N | NEED - WORK NO |

### Needs Reassessment Worksheet Details

Need Area: Anger/Hostility, Assignment: N-ANGER Y
  No Data
-----------------------------------------------------------------------------------
Need Area: Antisocial Peers, Assignment: N-ANTISO N
  No Data
-----------------------------------------------------------------------------------
Need Area: Cognitions, Assignment: N-COGNTV N
  No Data

## FSA Needs Reassessment

**Register Number:09837-033, Last Name:BRAY**

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

---

Need Area: Education, Assignment: N-EDUC N

  Category - Assignment - Start      - Stop

  EDI     GED HAS    04/18/2008 13:39

----------------------------------------------------------------

Need Area: Family/Parenting, Assignment: N-FM/PAR N

  Source: PPG6, Tag: familyCommunityTies, Value: 4

----------------------------------------------------------------

Need Area: Finance/Poverty, Assignment: N-FIN PV N

  No Data

----------------------------------------------------------------

Need Area: Medical, Assignment: N-MEDICL Y

  Category - Assignment - Start      - Stop

  CAR     CARE2     03/13/2012 13:19

----------------------------------------------------------------

Need Area: Mental Health, Assignment: N-M HLTH N

  No Data

----------------------------------------------------------------

Need Area: Recreation/Leisure/Fitness, Assignment: N-RLF Y

  No Data

----------------------------------------------------------------

Need Area: Substance Abuse, Assignment: N-SUB AB Y

  No Data

----------------------------------------------------------------

Need Area: Trauma, Assignment: N-TRAUMA N

  No Data

----------------------------------------------------------------

Need Area: Work, Assignment: N-WORK N

  No Data

---

Exhibit 2E

TRULINCS  09837033 - BRAY, KEVIN BRIAN - Unit: FOR-H-A

--------------------------------------------------------------------------------

FROM: 09837033
TO: Helena Unit Team
SUBJECT: ***Request to Staff*** BRAY, KEVIN, Reg# 09837033, FOR-H-A
DATE: 10/19/2022 07:58:07 AM

To: Mr. Hanks
Inmate Work Assignment: orderly

Mr. Hanks

This is to confirm our conversation of 10/19/22, wherein we discussed the situation regarding my supposed "refuse Status" for R-DAP.  I am not refusing R-DAP, I am actually enrolled in the NR-DAP program, per my Judges reccomendation.

You stated that the Central Office had sent you a memo that defined changes to this type of "refusal" error and are working on changing these issues for those regarding the RDAP and NRDAP programs and such supposed refusals from taking the program.

You said to be patient, they are working to resolve the matter (as I am not actually in refusal) and that I would be getting the FTC year off credit.

Thanks

TRULINCS  09837033 - BRAY, KEVIN BRIAN - Unit: FOR-H-A

------------------------------------------------------------------------------------------------------

FROM: 09837033
TO: Helena Unit Team
SUBJECT: ***Request to Staff*** BRAY, KEVIN, Reg# 09837033, FOR-H-A
DATE: 10/20/2022 06:53:21 AM

To: CM. Jenkins
Inmate Work Assignment: Orderly

Mr. Jenkins

This is to confirm our conversation of 10-19-2022, wherein we discussed my designation of "DAP Refuse." You stated that there was a memo sent out at the end of September, regarding this very issue and to be patient, that I was not the only one that Psychology has intentionally done this to. To be clear, I did not "REFUSE" I simply opted for NRDAP program and you agreed I would get all my credits.

This conversation confirmed the same thing MR. Hanks told me as well. To reiterate, I am presently on the WAIT LIST for the NRDAP program after having consulted with you previously and at your direction - to fulfil my need for a drug treatment program - that I sign up for the NRDAP.

Thank you

EXHIBIT 26

HB 1274

**Introduction**

The purpose of this handbook is to provide incoming inmates with general information regarding programs, services, rules and policies established at this facility. Detailed information will be made available during the institution admission and orientation process. This should be a guide for all newly and read inmates at this institution. We encourage you to review it completely and let staff know your questions or need for further information.

We want your time spent here at FCC Forrest City to be productive. This is a unique facility due to its design, mission, and programs. You have the opportunity to serve your term elsewhere in a facility with numerous programs and services available to all inmates. We stress an open communication, respect, and cooperation between you and inmates. You will find the staff willing to assist you throughout your stay here. In return, we expect all inmates to take responsibility to fulfill their obligations. Particularly, we expect your full cooperation in properly conducting yourself in an appropriate manner. Our goal is to help you achieve release at the appropriate time. Ready to accept your plans back in the community.

I expect staff to be responsive to any and all problems or issues you present to them. You have the right to serve your remainder in a harassment free correctional facility. Any staff member or inmate who threatens you, verbally or sexually assaults you, or promotes a physical threat to you should be reported immediately to the first available staff member who is involved. You have several procedures available to you to resolve problems. I encourage you to seek the assistance of staff at the lowest level possible to quietly resolve the issue as early as possible. It staff cannot resolve the problem, then please proceed up the Chain-of-Command to the staff member's immediate Supervisor until the problem is responded to appropriately. If not disagree with a response you receive from a staff member, I encourage you not to be confrontational with employees and to request that the problem by the staff member's immediate Supervisor.

Understand, if you smoke or respond its problems is an inappropriate or disrespectful manner, you will face discipline. I expect you to adhere to all institution rules from day-to-day by all employees. Please behave in the regular inmate inside programs, recreational training, and substance abuse treatment available to you. Your focus should be toward skills development, which will provide you with the opportunity for successful reentry.

John P. _____, Complex Warden

Kevin Bryant #09837033
Forrest City Correctional Complex
P.O. Box 9000
Forrest City, AR 72336



# FEDERAL CORRECTION COMPLEX

# FORREST CITY, ARKANSAS

# INMATE INFORMATION HANDBOOK

## ENGLISH

will be screened by a Psychologist.  This assessment will include a review of any past and current problems and may include an individual interview.  The screening will provide the psychologist an opportunity to note and recommend potential needs for treatment.

Drug abuse treatment is available to any inmate with a substance use disorder as determined by the assessing psychologist.  Drug abuse treatment at Forrest City consists of the Residential Drug Abuse Program (RDAP), follow-up services for those who have completed the unit-based component of the RDAP, Drug Abuse Education, and nonresidential drug abuse counseling.  The RDAP, Drug Abuse Education, and nonresidential drug abuse treatment are voluntary and may be requested by any inmate who thinks he may have a substance use disorder.  Follow-up services are mandatory for those who have completed the unit phase of the RDAP; if an inmate fails to comply with follow-up services he will be failed from the RDAP and will lose all secondary benefits of that program.  Moreover, an inmate may be required to complete the Drug Abuse Education program if (a) there is evidence that alcohol or other drug use contributed to the commission of his instant offense, (b) if alcohol or other drug use was a reason for violation of parole, probation, or supervised release, and / or (c) if there is a judicial recommendation that the inmate receive any form of drug abuse treatment while incarcerated.  If an inmate is required to complete Drug Abuse Education, but either declines to enroll or fails to complete the program, certain sanctions will be applied.  These sanctions include retention at the lowest pay grade within the institution and denial of community programming to include RRC placement.

The RDAP is a voluntary, comprehensive drug abuse treatment program that includes a 9-month, unit-based treatment component as well as a substantial aftercare phase.  Entry to the program ordinarily is permitted when the inmate is within 36 months of his projected release date.  The RDAP is made available to any inmate who meets the diagnostic criteria for a substance use disorder as determined by the assessing psychologist.  Importantly, in addition to meeting the diagnostic criteria for a substance use disorder, the inmate must have a history of drug abuse or addiction that is documented to have occurred within his last 12 consecutive months in the community.  RDAP is located in Helena B Unit at the Low and B2 Unit at the Medium.  Program participants live in the RDAP unit where they participate in a broad range of treatment activities half of each day; they are expected to work or attend educational programming the remainder of the day.  If an inmate desires enrollment in the Residential Drug Abuse Program, he may request that psychology determine his eligibility by submitting a cop-out.  When he meets all the qualifications and determines that he is provisionally eligible to enter, the Residential Drug Abuse Program and (b) whether he is provisionally eligible to receive a sentence reduction under 18 USC 3621 (e).  Importantly, when an inmate completes the unit-based component of RDAP, he will be required to successfully complete all follow-up services while he continues the confinement portion of his sentence.  At minimum, this requires compliance with a treatment plan and completion of monthly contacts with drug abuse treatment staff for a period of one year (or until transferred to RRC).  Then, once transferred to RRC, the RDAP participant is required to complete all aftercare requirements while in bureau custody at the RRC.  Failure to

52

meet follow-up and aftercare requirements will result in program failure and forfeiture of any benefit received.

**Suicide Prevention**
It is not uncommon for people to experience feelings of depression and hopelessness while in jail or prison, particularly if they are newly incarcerated, are serving a long sentence, are experiencing family problems or problems getting along with other inmates, or receiving bad news.  Sometimes, inmates consider committing suicide due to all of the pressure they are under.  Staff are trained to monitor inmates for signs of suicide, and are trained to refer all concerns to the Psychology Department.  However, staff does not always see what inmates see.  If you are personally experiencing any of the problems noted above, or you or another inmate are showing signs of depression (sadness, tearfulness, lack of enjoyment in unusual activities), withdrawal (staying away from others, reducing phone calls and/or visits), or hopelessness (giving away possessions), stating that there is nothing to live for), PLEASE alert staff.

**Sexually Abusive Behavior Prevention and Intervention**
**You Have the Right to be Safe from Sexually Abusive Behavior**
The Federal Bureau of Prisons has a zero tolerance policy against sexual abuse and sexual harassment. While you are incarcerated, no one has the right to pressure you to engage in sexual acts.

You do not have to tolerate sexually abusive/harassing behavior or pressure to engage in unwanted sexual behavior from another inmate or a  staff member.  Regardless of your age, size, race, ethnicity, gender or sexual orientation, you have the right to be safe from sexually abusive behavior.

**What Can You Do to Prevent Sexually Abusive Behavior?**
Here are some things you can do to protect yourself and others against sexually abusive behavior:

* Carry yourself in a confident manner at all times. Do not permit your emotion (fear/anxiety) to be obvious to others.
* Do not accept gifts or favors from others. Most gifts or favors come with a string attached to them.
* Do not accept an offer from another inmate to be your protector.
* Find a staff member with whom you feel comfortable discussing your fears and concerns.
* Be alert! Do not use contraband substances such as drugs or alcohol; these can weaken your ability to stay alert and make good judgments.
* Be direct and firm if others ask you to do something you don't want to do. Send a clear message to other inmates regarding your wishes for sexual activity.
* Stay in well lit areas of the institution.
* Choose your associates wisely. Look for people who are involved in positive activities like educational programs, psychology groups, or religious services. Get involved in these activities.
* Trust your instincts. If you sense that a situation may be dangerous, it probably is. If you fear for your safety, report your concerns to staff.

53

Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, Administrative Remedy Program, January 6, 2014, requires, in most cases, that Inmates attempt informal resolution of grievances prior to filing a Formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name: _Keven Bray_____ Date: _10-24-22_

Register Number: _09837-033_____ Unit: _6A_

Specific Complaint (include date) and Requested Relief: _THE DIRECTOR OF THE BOP AND THE US SENTENCING Commission HAVE STATED EMPHATICALLY "Refuse Status" For RDAP is NOT A Disqualifier for Applied FSA CREDITs._

_Please Remove Mr. AZ from REFUSE STATUS As I AM IN THE NRDAP PROGRAM AND RECalculate My DATES Accordingly_

Efforts Made By Inmate to Informally Resolve Grievance (be specific):

Counselor's Comments:

_____     _____
Correctional Counselor's Review Date        Unit Manager's Review Date



TRULINCS  09837033 - BRAY, KEVIN BRIAN - Unit: FOR-H-A

----------------------------------------------------------------------------------------------------

FROM: 09837033
TO: Helena Unit Team
SUBJECT: ***Request to Staff*** BRAY, KEVIN, Reg# 09837033, FOR-H-A
DATE: 10/25/2022 10:44:19 AM

To: Counselor Hanks
Inmate Work Assignment: Orderly

Counselor Hanks

This is to confirm our conversation of 10-25-22...  I delivered to you a BP-8 Informal Resolution form regarding my FSA "Refusal
Status" from RDAP, when I am infact on the waiting list for NRDAP.  You said, why are you doing this... Didn't we talk about this
before?  I replied - you said there was a memo and to be patient.  I said, I am going to go ahead and start the process because
everyone around me has gotten the time off except me and this is unacceptable.

Thank you

TRULINCS 09837033 - BRAY, KEVIN BRIAN - Unit: FOR-H-A

-------------------------------------------------------------------------------------

FROM: Low Psychology
TO: 09837033
SUBJECT: RE:***Inmate to Staff Message***
DATE: 10/28/2022 10:17:02 AM

Central Office is aware of this issue. Unfortunately at this time psychology cannot delete the code as it is valid.

_____
From: ~^! BRAY, ~^!KEVIN BRIAN <09837033@inmatemessage.com>
Sent: Tuesday, October 25, 2022 8:26 PM
To: FOR-InmateToPsychologySvcs (BOP) >
Subject: ***Request to Staff*** BRAY, KEVIN, Reg# 09837033, FOR-H-A

To: Dr. Owens
Inmate Work Assignment: Orderly

Dr. Owens

I was recently made aware of the fact that I am in "Refusal Status" for choosing to take the NRDAP as opposed to the RDAP. This decision was made in conjunction with Case Manager Jenkins and I am now on the NRDAP Wait List.

BOP Policy Statements make and recent comments by BOP Director Colette Peters before the Senate judiciary Committee on 9/29/22 make it perfectly clear that being on the "wait List" counts toward programming.

Further Both Counselor hanks and Case manager Jenkins have stated they received a memo regarding the disparity between the RDAP and NRDAP programs and thusly being on "Refusal Status"

To be clear - I did NOT refuse the RDAP program. I elected to take the NRDAP program and to put me in any type of "Refusal Status" is both a violation of the FSA law as it is plainly written and a misrepresentation of FACT. Therefore I'd like to have this resolved as such;
  1. I want any "refusal status" removed from my file.
  2. I want it properly shown that I am in "eligible status"
  3. That as such any and all days for which I was in said "refusal" are then Properly credited toward my FSA ETC's.
  4. I want written proof to verifying 1-3 are done and correctly adjusted in my favor.

Thank you
KBB

Arkansas Democrat-Gazette, Thursday, September 29, 2022

# Legislation aims for federal prison fixes

MICHAEL R. SISAK
AND MICHAEL BALSAMO
THE ASSOCIATED PRESS

WASHINGTON — A bipartisan group of U.S. senators introduced legislation Wednesday to overhaul oversight and bring greater transparency to the crisis-plagued federal Bureau of Prisons after reporting from The Associated Press that exposed systemic corruption in the federal prison system and increased congressional scrutiny.

The bill, called the Federal Prison Oversight Act, would require the Justice Department to create a prisons ombudsman to field complaints about prison conditions, and would compel the department's inspector general to evaluate risks and abuses at all 122 federal prison facilities.

The bill, sponsored by Sens. Jon Ossoff, D-Ga., Mike Braun, R-Ind., and Dick Durbin, D-Ill., is being introduced a day before Bureau of Prisons Director Colette Peters is scheduled to testify before the Senate Judiciary Committee, which Durbin chairs.

Ossoff, Braun and Durbin are three founding members of the Senate Bipartisan Prison Policy Working Group. The panel launched in February amid turmoil at the Bureau of Prisons, much of it uncovered by AP reporting, including rampant sexual abuse and other criminal misconduct by staff, chronic understaffing, escapes and deaths.

"It's no secret that BOP has been plagued by misconduct," Durbin said. "One investigation after another has revealed a culture of abuse, mismanagement, corruption, torture, and death that reaches to the highest levels. And yet it still operates without any meaningful independent oversight. The result has been catastrophic for both incarcerated people and staff."

A companion bill in the House is sponsored by Reps. Kelly Armstrong, R-N.D. and Lucy McBath, D-Ga.

Under the Federal Prison Oversight Act, the Justice Department's inspector general would be required to conduct risk-based inspections of all federal prison facilities, provide recommendations to address deficiencies and assign each facility a risk score. Higher-risk facilities would then receive more frequent inspections.

The inspector general would also be required to report findings and recommendations to Congress and the public, and the Bureau of Prisons would then need to respond with a corrective action plan within 60 days.

A prison ombudsman would be established to take complaints — via a secure hotline and online form — and investigate and report to the attorney general and Congress dangerous conditions affecting the health, safety, welfare and rights of inmates and staff.

A spokesman for the Justice Department said Wednesday that the agency was reviewing the legislation. A spokesperson for Inspector General Michael Horowitz declined to comment.

The proposals have the backing of a wide array of groups involved in the federal prison system and across the political spectrum, including the correctional officers' union, the inmate advocacy group Families Against Mandatory Minimums, the American Conservative Union and the Koch brothers-backed Americans for Prosperity.

"Families with incarcerated loved ones for years have been calling for greater transparency, safety and accountable from our federal prisons," FAMM President Kevin Ring said. "The bipartisan bill introduced today answers their calls."

Shane Fausey, the president of the Council of Prison Locals union, is also scheduled to testify today, along with the former head of Pennsylvania's state prison system, John Wetzel, and Cecilia Cardenas, a former federal inmate.

For personal use only. Printed by Arkansas Online. Copyright © 2022 PressReader Inc. - http://about.pressreader.com - damomn2three@sbcglobal.net

**Inmate Message – Federal Time Credits (FTC)**
**Auto-Calculation Launches**

Recently, the Bureau has launched the Federal Time Credits (FTCs) auto-calculation application. All eligible inmates will be reviewed regardless of PATTERN risk level release date, and credits will be applied consistent with the final rules language and implementing text.

As a reminder, the unit team will determine an inmate's eligibility to earn FTCs based on the current conviction and prior criminal convictions.

The earning of FTCs is based on "earning status," and NOT participation and/or completion of individual programs. Inmates **who refuse or fail to complete any portion of the needs assessment and/or refuse or decline any program recommended to address as specific identified need area, is considered "opted out" and will not earn FTCs.**

The following items have been incorporated into the calculation of FTCs:

- While inmates can begin earning time credits starting with the enactment of the statute, the "presumed participation" period only extends from December 21, 2018, through January 14, 2020.
- During the "presumed participation" period and through April 28, 2021, the PATTERN risk level calculated on April 28, 2021 (PATTERN auto-calculation start date), will be used to determine the initial risk level and FTC earning rate.
- During the "presumed participation" period, only those days when the inmate was incarcerated outside the facility, housed in the Special Housing Unit, or on refused/declined status for a pre-FSA programming (e.g., FRP, Drug Education, GED, etc.) will be excluded from successful participation and credit will not be earned.
- **From January 15, 2020, forward, all components of the SPARC-13 needs assessment must be complete to be eligible to earn FTCs. Failing to do so is considered "opted out." In other words, if an inmate fails to complete a required survey or declines to enroll in a recommended program which addresses a specific need, the inmate will not be eligible to earn FTCs.**
- In order to earn or apply the higher earning rate of 15 days (for every 30 day period of successful EBRR or PA recommended), inmates need a PATTERN level of minimum or low risk or have dropped to a minimum or low risk level and maintained it for two consecutive assessment periods.

- FTCs are applied first toward release dates and then toward RRC/HC placement.
- Inmates must be otherwise eligible to participate in RRC/HC placement to apply FTCs to early release.  While inmates continue to earn FTCs, inmates can only apply the FTCs if they have no detainers, unresolved pending charges, and/or unresolved immigration status issues.
- **Eligible inmates will continue to earn FTCs toward early release until they have accumulated 365 days OR are 18 months from their release date, <u>whichever happens first</u>. At this point, the release date becomes fixed, and all additional FTCs are applied toward RRC/HC placement.**
- FTCs will be updated monthly, and an FSA Time Credits Assessment worksheet will be maintained in the central files.  The most current copy will be provided during the regularly schedule Program Review team meeting.
- FTCs earned toward RRC/HC placement will be applied in addition to release needs-based recommendations made under the Second Chance Act.
- FTCs may be applied toward early release in addition to the early release benefit for RDAP graduates; however, inmates are still required to complete the required 120-day RRC/HC placement.  Dropping out of RDAP may result in the loss of both the RDAP early release benefit and early release due to FTCs if it is determined the inmate is "opting out" despite having an identified need.

ATTACHMENTS

A — E

Declaration of Felipe Encarnacion

The following statements are true and accurate to the best of my knowledge
and belief:

1.   My name and inmate ID no. are Felipe Encarnacion and 33124-069

2.   I am over the age of 18 and capable of making the following
     declarations as I have first hand knowledge of the events
     stated herein.

3.   I am an inmate at F.C.I. Forrest City Low and currently
     reside in housing unit Helena Alpha.

4.   I am aware that by making the following statements I
     may be subjected to retaliation by the prison staff
     members who are named herein.

5.   On 11-02-2022 I presented a BP-8 (informal resolution attempt)
     form to Helena Alpha Unit Counsellor Mr. Hanks. (Exhibit E1).

6.   Mr. Hanks refused to accept it - because "the lines" had
     been removed.

7.   He handed me a BP-8 form (the exact same form on a photocopied
     sheet of paper) with lines. (Exhibit E2).

8.   Other than the lines there is no discernable difference.
     They are the exact same form in style and function.

9.   The lines were removed to make the typed complaint / request
     easier for the staff to read.

10.  The form was typed beacuse hand written BP-8s are often
     returned as "unreadable," thus slowing the Administrative
     Remedy Process.

11.  The prison was on lockdown until at least 11-07-2022 depriving
     me of access to a typewriter to Re-do the form (exhibit E3).

Retyped on __10-6-22__ .

12. To refuse to accept an "Informal Resolution Attempt" request
    because the photocopied sheet of paper is missing "lines"
    which were removed to make it easier for the staff to
    read the typed up form is a "technicality" that goes beyond
    reasonable.

I certify under penalty of perjury that the aforementioned statements
and supporting documents are true and accurate to the best of my
knowledge and belief.

Signed this the __15__ day of __November__, 2022.


EN CARNACION
Felipe Encarnacion

F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

Witnessed by:

06990-028
F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

Cc:

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, <u>Administrative</u>
Remedy Program, January 6, 2014, requires, in most cases, that
Inmates attempt informal resolution of grievances prior to filing a
Formal written complaint. This form shall be used to document your
efforts towards informally resolving your grievance.

Inmate's Name:   FELIPE  ENCARNACION-PARADES          Date: 10/29/22

Register Number:   53124-069        Unit:   HA

Specific Complaint (include date) and Requested Relief:

The First Step Act 18 U.S.C. 3632(d)(4)(E)(ii) in plain english states "shall
ensure that any alien...who seeks to earn Time Credits are subject to proceedings
described in section 238(a) of 8 U.S.C. 1228(a)..." (That is expidited deportation
procedures) "at a date as Early as Practicable..."

I have earned _____ Time Credits and am now over incarcerated by _____
months. Please notify the Immigration Court that I am ready to be deported directly.

Efforts Made By Inmate to Informally Resolve Grievance (be
specific): _____

_____

_____

_____

_____

Counselor's Comments: _____

_____

_____

_____

_____         _____
Correctional Counselor's Review Date    Unit Manager's Review Date

E1

Attachment A

## *DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT*

Bureau of Prisons Program Statement No. 1330.18, <u>Administrative</u> Remedy Program, January 6, 2014, requires, in most cases, that Inmates attempt informal resolution of grievances prior to filing a Formal written complaint.  This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name: _____ Date:_____

Register Number: _____ Unit:_____

Specific Complaint (include date) and Requested Relief: _____

_____

_____

_____

_____

_____

Efforts Made By Inmate to Informally Resolve Grievance (be specific):_____

_____

_____

_____

_____

Counselor's Comments:_____

_____

_____

_____

_____       _____
Correctional Counselor's Review Date    Unit Manager's Review Date

E.2

# DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, **Administrative Remedy Program**, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate=s Name: FELIPE ENCARNACION-PARADES    Date: 10-29-22

Register Number: 33124-069    Unit: HA

Specific Complaint and Requested Relief:
The First Step Act, 18 U.S.C. 3632(d)(4)(E)(ii) in plain english states "shall ensure that any alien ... who seeks to earn Time Credits are subject to proceedings described in section 238(a) of 8 U.SC. 1228(a) ..." (That is expidited deportation procedures) "at a date as Early as Practicable..." I have earned _____ Time Credits and am now over incarcerated by _____ months. Please notify the Immigration Court that I am ready to be deported directly.

Efforts Made By Inmate to Informally Resolve Grievance (be specific):

Counselor=s Comments:

_____    _____
Correctional Counselor=s Review Date    Unit Manger=s Review Date

DATE BP-9 was ISSUED_____

Ɛ3

Declaration of Matthew Orasco

The following statements are true and accurate to the best of my knowledge and belief:

1. My name and inmate ID no. are Matthew Orasco, 49363-044

2. I am over the age of 18 and capable of making the following declarations as I have first hand knowledge of the events stated herein.

3. I am an inmate at F.C.I. Forrest City Low and currently reside in housing unit H-C.

4. I am aware that by making the following statements I may be subjected to retaliation by the prison staff members who are named herein.

5. Prior to August 2020, I was told that I was incligible for F.S.A. Credits because I had a detainer.

6. On 08-08-2022 I filed the BP-8 (informal resolution attempt) form with the Helena Charlie Unit counsellor Halk. (exhibit 01).

7. I explain that I have earned 457.25 days of FSA Credit and they should be applied regardless of the detainer.

8. B.O.P. Policy 1330.18 regarding Administrative Remedy Process allows staff ten (10) days to respond and no leave for extension of that time.

9. If, upon expiration of that time an inmate gets no response, it is considered a denial and he can move on to the next level.

10. I continued to wait patiently.

11. On 08-24-2022 (16 days later and 6 days past the deadline

to respond) the Helena Unit Manager (Ms. Hawkins) replied (see signature and date in exhibit O1 on bottom right).

12. This response was not delivered to me until 08-29-2022 (21 days post submission).

13. Ms. Hawkins' reply identifies an entirely different reason for denial of FSA Credits and does not address the specific issue raised in the complaint (i.e. the detainer). Therefore, the response does not resolve the issue at hand, is deemed unsatisfactory and I requested at BP-9.

14. I requested a BP-9 form from Helena Charlie Unit Counsellor Halk.

15. On 09-09-2022, I submitted the BP-9 to Counsellor Halk (exhibit O2) including the requisite four (4) copies of the blue carbonless form and four (4) copies of the original BP-8 (id at O1).

16. BOP policy (id at 8) allows the Warden's office twenty (20) days to respond.

17. The BP-9 (a) addresses the Unit Manager's response and then reasserts my previous issue (the detainer).

18. The Warden's office stamped the BP-9 form recieved on 09-28-2022.

19. Also, the Warden's office responded on 09-28-2022 (exhibit O3).

20. The response is a rejectio nbecause "You did not attempt informal remedy prior to submission."

21. As shown in exhibit O1 it was not only attempted, but replied too late, didn't address the issue and was even noted specifically in the BP-9 regarding those issues.

22. The return of this was not given to me personally until 10-11-2022 (see signature and date stamp on exhibit 03).

23. This is absurd! I have lost 65 days (08-08-2022 to 10-11-2022) chasing a resolution that clearly is useless as a process.


I certify under penalty of perjury that the aforementioned statements and supporting documents are true and accurate to the best of my knowledge and belief.

Signed this the _17_ day of _NOVember_____, 2022.


Matthew Orasco
49363-044
F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

Witnessed by:

06990-028
F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336


Cc:

01.

Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, Administrative Remedy Program, January 6, 2014, requires, in most cases, that Inmates attempt informal resolution of grievances prior to filing a Formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name: Matthew Orasco                Date: 8-8-22

Register Number: 49363-044    Unit: H-C

Specific Complaint (include date) and Requested Relief: _____

Please be Advised I HAVE 914.5 Earned Time Credits which eQuals 457.25 dAys of Time off my Sentence - According To the First Step Act (elerse LAW). Regardless of the Retainer - I Am Federally INCARCERATED As of Now. I am Eligible For Immediate Release To STATE CUSTODY To Begin my STATE Sentence -

Efforts Made By Inmate to Informally Resolve Grievance (be specific): _____

_____

_____

_____

_____

Counselor's Comments: Due to you withdrawing from RDAP and it was a judicial Recommendation it excludes you from Receiving Credit or your credit being Applied.

_____

_____ C.T. _____ 8-29-22        _____ X.H.A _____ 8.24.22

Correctional Counselor's Review Date        Unit Manager's Review Date

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ___Matthew Orasco___  ___49363-044___  ___HC___  ___FCI FC___
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

The response to the BP8 is inaccurate.  I withdrew from RDAP because
I was told I qualify for the year off.  Then I was denied the year off.
Furthermore the "Refusal" status would only apply to the remaining
time credits earned for RDAP <u>not</u> for credits earned.  On top of that
your initial reason for my denial of FSA credits is because I have a
state detainer.  Your staffs story changes from day to day.

I reassert my initial complaint.  I have 457 days off my sentence due
to FSA.  I am eligible RIGHT NOW to be released to state custody.
To hold me here after being advised of such you are in violation
of Federal law 115-391.

cc. Dist Court for the Eastern District of Arkansas, Judge_____

___9-9-22___
DATE

_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
SEP 2 8 2022
BY:

_____                    _____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 1135370-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

```
                    REJECTION NOTICE - ADMINISTRATIVE REMEDY


DATE: SEPTEMBER 28, 2022


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FORREST CITY FCI

TO  : MATTHEW LOUIS ORASCO, 49363-044
      FORREST CITY FCI      UNT: HELENA U    QTR: H10-115L
      P.O. BOX 7000
      FORREST CITY,  AR 72336



FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1135370-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : SEPTEMBER 28, 2022
SUBJECT 1      : OTHER INSTITUTION PROGRAMS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : PLEASE FILL IN ALL INFORMATION ON YOUR BP-9
```



ATTACH C

## Declaration of Ali Romero

The following statements are true and accurate to the best of my knowledge and belief:

1. My name and inmate ID no. are Ali Romero and 22079-043.

2. I am over the age of 18 and capable of making the following declarations as I have first hand knowledge of the events stated herein.

3. I am an inmate at F.C.I. Forrest City Low and currently reside in housing unit HA and before that was in WC.

4. I am aware that by making the following statements I may be subjected to retaliation by the prison staff members who are named herein.

ADMINISTRATIVE REMEDY ATTEMPT

5. On 07-05-2022 while I was residing in Unit Wynne Charlie. I filed a BP-8 (informal resolution attempt) with the unit counsellor Mr. Cicil. (Exhibit R1.1).

6. I received no response to the BP-8 prior to being relocated to Helena Alpha housing unit in August 2022.

7. When I asked Mr. Cicil about the BP-8, he claimed that he "lost it."

8. I refiled the BP-8 with the Helena Alpha unit counsellor Mr. Hanks on 08-23-2022 (see stamp "emailed 8-23-22") (exhibit R1.2).

9. I further wrote the note above my records "Lost by Cicil, No signature by Unit Manager, Just the stamp." RA 2022, 8-23-22.

10. B.O.P. policy allows staff ten (10) days to respond to the BP-8 and no extensions.

11. The tenth day was 09-02-2022. Even allowing for a full fourteen (14) days, the time expired for the response on 09-06-2022.

12. Counsellor Mr. Hanks signed and dated the "No Response" BP-8 on 09-12-2022 (20 days after the second submission and Sixty nine (69) days after the initial filing.)

13. I then - with no response - presumed a denial and moved to the next step, the BP-9 (Administrative Remedy Request). (Exhibit R1.3).

14. On 09-12-2022 I submitted the BP-9 form - all four (4) copies of the carbonless form along with four (4) copies of the BP-8 form signed by Counsellor Mr. Hanks.

15. B.O.P. policy allows the Warden 20 days to respond and upon written notice to the inmate and additional twenty (20) days.

16. The due date for a response was 10-01-2022.

17. No written notice was requested by the Warden's office.

18. The Warden's office dates their response on 10-06-2022, (25 days after submission).

19. The response is a rejection because "You did not attempt the informal resolution prior to submission." (Exhibit R1.4).

20. The Informal Resolution and all necessary copies were attached when it was returned to me.

21. To say I did not attempt it when I have attempted it twice, and to no avail 69 days after initial submission, and return the package with the BP-8 attached - spits in my face.

22. I was given five (5) days to reply.but not given the
package back until late in the afternoon on the fifth
(5th) day (10-11-2022).

23. What am I supposed to do differently when I complied
in full the first time itself only to be rejected.

24. This wasted a total of 99 days of my time, 07-05-2022
through 10-11-2022, to be no closer to a resolution.

25. The Administrative Remedy Process is a farce, intended
to waste time and discourage anyone from getting real
issues resolved.

26. On 10-11-2022, frustrated, I sent an electronic Cop-Out
to the Helena Alpha Unit Manager Ms. Hawkins (Exhibit
R1.5), again to no avail.

EDUCATION DEPARTMENT (Inmate Programming)

27. From 07-27-2022 to 08-02-2022 all previous inmate employees
in the department of education at F.C.I. Forrest City
were terminated en-mass (due to a contraband issue).

28. All classes, including G.E.D. ceased throughout most
of the month of August 2022.

29. Prior to this mass termination the education department
offered a variety of programming options, G.E.D and Pre-
G.E.D. as mandated by law. over 20 Adult Continuing Education
(ACE) classes and 21 Re-entry Preparation Program (R.P.P.)
classes (exhibit R2.1).

30. As of 10-20-2022 there are only eight (8) classes being
offered, four (4) A.C.E. classes and four (4) R.P.P.
classes in addition to the G.E.D. and Pre-G.E.D. classes.

31. This allows for a maximum of one hundred and eighty (180)
inmates .

inmates to program via A.C.E. and R.P.P. options per quarter wheres before it was accessible to nearly all inmates per quarter.

32. On Thursday, October 27, 2022, while in a casual conversation with a B.O.P. / Education Department staff teacher, Ms. Walton, I asked "How come there are only eight (8) A.C.E. and R.P.P. classes when there were so many more before?"

33. Her response was surprisingly frank and she said "We got a call from Region to stop offering so many classes because too many people were getting too many F.S.A. Credits."

34. The tone of her voice and the way she said it did not give the context that this was anything other than fact.

F.R.P. REFUSAL

35. On 11-01-2022, I was called in to the Helena Alpha Housing Unit's Case Manager Mr. Jenkin's office to sign a new F.R.P. Contract.

36. I had signed a F.RP. contract in August 2022 when I was moved to the Helena Alpha Housing unit.

37. When I asked him why this was being done, Mr. Jenkins said that the B.O.P. had changed the matrix on how the F.R.P. was calculated (lowering the threshold to increase the F.R.P. payments) taking me from $25.00 per quarter to $295.00 per month.

38. First, I just signed a F.RP. Agreement in August 2022.

39. Second, there was no notice given in advance of this change so that anyone could adequately budget for this change.

40. Third, I was threatened that if I did not sign the new

contract that I would be in "F.R.P. Refusal" and thus automatically be "F.S.A. Ineligible."

41. This form of coercion is clearly intended to make as many inamtes F.S.A. ineligible as possible.

42. I do not have a consistent $300.00 per month in my account and I have no doubt that I will end up in "F.R.P. Refused" status if I cannot pay this extortion.

43. My sentencing Judge ordered me to pay $100.00 per month and I do not see how the B.O.P. can just arbitrarily do this.

I certify under penalty of perjury that the aforementioned statements and supporting documents are true and accurate to the best of my knowledge and belief.

Signed this the _15_ day of _November_____, 2022.


_____
Ali Romero
22079-043
F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

Witnessed by:

_____
06990-028
F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336


Cc:

Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, <u>Administrative</u>
Remedy Program, January 6, 2014, requires, in most cases, that
Inmates attempt informal resolution of grievances prior to filing a
Formal written complaint.  This form shall be used to document your
efforts towards informally resolving your grievance.

Inmate's Name: _Romero  Ali_ _____ Date: _7-5-2022_

Register Number: _22079-043_ Unit: _W-C_

Specific Complaint (include date) and Requested Relief: _I am_
_requesting time served credit from 06-05-2020 to_
_10-21-2021. Because I was in U.S. Marshalls Custody_
_and under the restrictive Bond order of Magistrate_
_Judge Parker. The Probation office had me under 24hr_
_GPS monitoring and home confinement I could not go 100ft from my_
_Parents House, Amanda  Pierce & Ryan Mederous were my Officers,_
Efforts Made By Inmate to Informally Resolve Grievance (be
specific): _____

_I have requested a copy of the Conditions_
_in The Bond written by Judge Parker from the_
_court. I have Filed a BP-199 to pay for these_
_documents to be sent to FCC-Low._

Counselor's Comments: _Lost By Cecil_
_By Unit Manager Just the Stamp_
_No Signature_
_Below_       _RA 2022_
              _8-23-2022_

_____     _____
Correctional Counselor's Review Date    Unit Manager's Review Date

E-MAILED
8/23/22

Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, <u>Administrative</u>
<u>Remedy Program</u>, January 6, 2014, requires, in most cases, that
Inmates attempt informal resolution of grievances prior to filing a
Formal written complaint. This form shall be used to document your
efforts towards informally resolving your grievance.

Inmate's Name: _Romero  Ali_____    Date: _7-5-2022_

Register Number: _22079-043.___  Unit: __W-C_____

Specific Complaint (include date) and Requested Relief: _I am___
_requesting time served credit from 06-05-2020 to._
_10-21-2021. Because I was in U.S. Marshills Custody_
_and under the restrictive Bond order of Magistrate_
_Judge Parker. The Probation office had me under 24 hr_
_GPS monitoring and home confinement I could not go 100ft from my_
_Parents House, Amanda  Pierce & Ryan Maderous were my Officers,_
Efforts Made By Inmate to Informally Resolve Grievance (be
specific): _____

_I have requested a copy of the Conditions_
_in The Bond written by Judge Parker from the_
_court. I have Filed a BP-199 to pay for these_
_documents to be sent to FCC-Low._

Counselor's Comments: _No response 9/12/22._

_____
_____
_____

_____  _8/12/22_       _____
Correctional Counselor's Review Date      Unit Manager's Review Date

**E-MAILED**
_8/23/22_

RY-3

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Ali, Romero    22077-043    H-A    Forrest City
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

am requesting time served from 6-5-2020 to 10-21-2021 based on the court
cument attached. The Magistrate Judge Parker ordered me to Home
ncarceration. Which took my liberty and freedom, I was under the U.S.
arshalls Custody and monitored 24 hours a day. I was limited to
100ft Radius from my monitoring Station located centrally.

9-12-2022
DATE                                SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____    _____
DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

                                CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE                            RECIPIENT'S SIGNATURE (STAFF MEMBER)

RP-229(13)

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: OCTOBER 6, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FORREST CITY FCI

TO  : ROMERO ALI, 22079-043
      FORREST CITY FCI    UNT: HELENA L    QTR: H04-162U
      P.O. BOX 7000
      FORREST CITY, AR 72336


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1136355-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : OCTOBER 5, 2022
SUBJECT 1      : CREDIT FOR TIME ON HOME CONFINEMENT
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.



RULINCS  22079043 - ALI, ROMERO - Unit: FOR-H-A

------------------------------------------------------------------------------------------

ROM: 22079043
O: Helena Unit Team
UBJECT: ***Request to Staff*** ALI, ROMERO, Reg# 22079043, FOR-H-A
ATE: 10/11/2022 01:52:06 PM

o: Mrs. Hawkins
mate Work Assignment: Education

ello Mrs. Hawkins I have been referred to you by our counselor Mr.. Hanks I have filed an administrative remedy for time credit
r Home Incarceration. The Warden has referred me back to you and has stated that you can handle this issue.  Please advise
e of a time when I can have an appointment to come and present the documentation to you to be granted this time served.

# RPP Schedule

| Time | Room | Monday | Tuesday | Wednesday | Thursday | Friday |
|---|---|---|---|---|---|---|
| 7:30 to 9:00 | 1136 | Personal Finance | Employability | Stress Management | Stress Management | Basic Investing |
| 9:00 to 10:00 | 1136 | Oral Communication | Emotion Management | Strategic Re-Entry | Mental Enrichment | Job Search |
| 12:00 to 2:00 | 1136 | Personal Growth | MANAGING CREDIT | Buy or Lease | Entrepreneurship | Basic Investing |
| 2:00 to 3:30 | 1136 | Time Management | Healthy Choices | Disease Prevention | Preventive Health | Stress Management |
| | 1145 | Resume Workshop | FSA | FSA | FSA | FSA |
| 6:00 to 7:00 | 1150 | Interview Workshop | Closed | Employability | Personal Growth | CLOSED |
| 7:00 to 8:00 | 1150 | Scream Free Marriage | Closed | Employability | Emotion Management | |

TRULINCS  22079043 - ALI, ROMERO - Unit: FOR-H-A

-------------------------------------------------------------------------------------------------------

FROM: 22079043
TO: Helena Unit Team
SUBJECT: ***Request to Staff*** ALI, ROMERO, Reg# 22079043, FOR-H-A
DATE: 11/03/2022 07:46:17 AM

To: Mr. Hanks
Inmate Work Assignment: education

Per our conversation yesterday on 11-2-22 we discussed the raising of my FRP payment. I was already paying according to
contract and now that the BOP region and central office were forcing you to raise payment amounts in efforts to disqualify
inmates for First Step Act Credits. As you explained to me that if I didn't sign the new contract that I would be placed immeaditly
in the refusal status and not receive first step act benefits. You yourself told me that you thought that this was an incorrect
practice and deviant in nature for the BOP to try to force inmates into the refusal status. My payment was increased from 25.00
dollars every quarter to 295.00 dollars monthly. As I told you I would gladly attemp to make the payments but the funds used to
acess ability to pay were from friends and family and cannot be considered consistant income to pay bills of this magnitude. I
am requesting to reveiw my court documents relating to the repayment of the fine accessed and attempt to lowere the payment
to an amount that can be handled by my work efforts on the compound. I dont have enough money to pay for this new contract
and it will force me into a denial status I can pay 25.00  a month hoping that I continued to get paid from my job in education.

## TRULINCS 22079043 - ALI, ROMERO - Unit: FOR-H-A

-----------------------------------------------------------------------------------------------------

FROM: 22079043
TO: Helena Unit Team
SUBJECT: ***Request to Staff*** ALI, ROMERO, Reg# 22079043, FOR-H-A
DATE: 11/04/2022 04:40:06 PM

To: Mr. Jenkins
Inmate Work Assignment: Education

After our conversation about the new FRP contract I realized that I was being forced into the refusal status by the BOP in attempt to make me ineligible for First Step Act Credits. I agree that I can pay but the amount that is being imposed on my is more than my monthly spending limit. I cannot constantly produce these funds and I work all month at my job in education and only receive 20.00 dollars on the compound. It must be compatible to the rate of pay to the rate of expected payment of my FRP payment. This is outright just mean to force me into refusal when I am willing to pay all that I have but I cant pay what I don't have. Furthermore I had just signed a new contract at the rate of 25.00 monthly just one week prior and now to be imposed with 395.00 a month is just outrages. Would this be considered retaliation for being eligible for the First Step Act.

ATTACHMENT D

## Declaration of Marcus McAdams

The following statements are true and accurate to the best of my knowledge and belief:

1.  My name and inmate ID no. are  Marcus McAdams and 30434-076.

2.  I am over the age of 18 and capable of making the following declarations as I have first hand knowledge of the events stated herein.

3.  I am an inmate at F.C.I. Forrest City Low and currently reside in housing unit Helena Alpha.

4.  I am aware that by making the following statements I may be subjected to retaliation by the prison staff members who are named herein.

5.  On December 13, 2021, I plead guilty to a misdemeanor phone charge 18 U.S.C. 1791 (exhibit M1).

6.  I was given a two (2) month sentence to be served consecutively with my current sentence.

7.  Thus I will not begin serving the sentence for the 1791 until sometime in 2027.

8.  Helena Alpha Unit Case Manager Mr. Jenkins, has deemed me FSA ineligible as a result of the phone charge (exhibit M2).

9.  The First Step Act 3632(d)(4)(c) states that you are ineligible only while "serving a sentence" that is ineligible. I am not serving that sentence yet.

10. I am being denied FSA eligibility wrongly. Case manager Mr. Jenkins knows this but refuses to do anything about it. He blames Region for this issue.

11. I requested a BP-8 to begin the Administrative Remedy process but was denied and told "They aren't gonna change it so why bother."

I certify under penalty of perjury that the aforementioned statements and supporting documents are true and accurate to the best of my knowledge and belief.

Signed this the _16_ day of _Nov_____, 2022.


_Marcus McAdams_
Marcus McAdams
30434-076
F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

Witnessed by:

_____
06990-028
F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336


Cc:

AO 245I (Rev. 11/16)
Judgment in a Criminal Case for a Petty Offense
Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of Arkansas

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 3 2021

TAMMY H. DOWNS, CLERK

By: _____
DEP CLERK

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
| v. | (For a Petty Offense) |
| **MARCUS McADAMS** | |

Case No.    2:21cr00121 JJV

USM No.    30434-076

William Shelton, Jr.
Defendant's Attorney

**THE DEFENDANT:**

☑ **THE DEFENDANT** pleaded    ☑ guilty ☐ nolo contendere to count(s)    1 of the Misdemeanor Information

☐ **THE DEFENDANT** was found guilty on count(s) _____

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1791(a)(2) | Possession of a Prohibited Object in Prison | 6/30/2021 | 1 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment.

☐ **THE DEFENDANT** was found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 7754

Defendant's Year of Birth: 1976

City and State of Defendant's Residence:
Forrest City, Arkansas

12/8/2021
Date of Imposition of Judgment

Signature of Judge

Joe J Volpe                    U.S. Magistrate Judge
Name and Title of Judge

12/13/2021
Date

AO 245I (Rev. 11/16)  Judgment in a Criminal Case for a Petty Offense
Sheet 2 — Imprisonment

DEFENDANT:    MARCUS McADAMS
CASE NUMBER:    2:21cr00121 JJV

Judgment — Page    2    of    4

## IMPRISONMENT

       The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Two months of imprisonment to run consecutive to the current sentence from the Western District of Tennessee.

☐    The court makes the following recommendations to the Bureau of Prisons:

☑    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐  a.m.  ☐  p.m.    on  _____  .

    ☐  as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____  .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at  _____  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

```
  FORBO  540*23 *           SENTENCE MONITORING          *    06-15-2022
  PAGE 001        *          COMPUTATION DATA            *    11:13:46
                            AS OF 06-15-2022
```

REGNO..: 30434-076 NAME: MCADAMS, MARCUS


```
FBI NO...........: 283061AB3        DATE OF BIRTH: 07-02-1976  AGE:  45
ARS1.............: FOR/A-DES
UNIT.............: HELENA L          QUARTERS.....: H04-156L
DETAINERS........: NO                NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 06-25-2027

THE INMATE IS PROJECTED FOR RELEASE: 12-25-2027 VIA GCT REL


----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION..........: TENNESSEE, WESTERN DISTRICT
DOCKET NUMBER..................: 2:17-CR-20301-001
JUDGE..........................: FOWLKES
DATE SENTENCED/PROBATION IMPOSED: 08-08-2018
DATE COMMITTED.................: 02-07-2019
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
```
OFFENSE CODE....: 137      18:922(G) FIREARMS,3 PRI CNV
OFF/CHG: 18:922(G)(1) FELON IN POSSESSION OF A FIREARM
        18:924(E) FELON IN POSSESSION OF A FIREARM
```

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  120 MONTHS
 TERM OF SUPERVISION............:   3 YEARS
 DATE OF OFFENSE................: 12-01-2016
```

G0002        MORE PAGES TO FOLLOW . . .

```
  FORBO  540*23 *           SENTENCE MONITORING          *        06-15-2022
PAGE 002        *           COMPUTATION DATA             *        11:13:46
                            AS OF 06-15-2022


REGNO..: 30434-076 NAME: MCADAMS, MARCUS



---------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION..........: ARKANSAS, EASTERN DISTRICT
DOCKET NUMBER..................: 2:21CR00121 JJV
JUDGE..........................: VOLPE
DATE SENTENCED/PROBATION IMPOSED: 12-08-2021
DATE COMMITTED.................: 12-08-2021
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $00.00          $25.00         $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 114     18:1791 CONTRABAND IN PRISON      FSA INELIGIBLE
OFF/CHG: 18:1791(A)(2)POSSESSION OF A PROHIBITED OBJECT IN PRISON

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    2 MONTHS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS 010 010 010
 DATE OF OFFENSE................: 06-30-2021

-------------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-25-2022 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 12-27-2021 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010




G0002        MORE PAGES TO FOLLOW . . .
```

```
   FORBO  540*23 *          SENTENCE MONITORING          *     06-15-2022
PAGE 003 OF 003 *           COMPUTATION DATA             *     11:13:46
                             AS OF 06-15-2022
```

REGNO..: 30434-076 NAME: MCADAMS, MARCUS


```
DATE COMPUTATION BEGAN..........: 01-02-2019
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   122 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS       2 MONTHS
AGGREGATED TERM OF SUPERVISION..:     3 YEARS
EARLIEST DATE OF OFFENSE........: 12-01-2016

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    12-01-2016    12-02-2016
                                    09-18-2017    09-20-2017
                                    10-05-2017    10-06-2017

TOTAL PRIOR CREDIT TIME.........: 7
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 425
TOTAL GCT EARNED................: 80
STATUTORY RELEASE DATE PROJECTED: 12-25-2027
ELDERLY OFFENDER TWO THIRDS DATE: 10-04-2025
EXPIRATION FULL TERM DATE.......: 02-22-2029
TIME SERVED.....................:     3 YEARS       5 MONTHS      21 DAYS
PERCENTAGE OF FULL TERM SERVED..:  34.1
PERCENT OF STATUTORY TERM SERVED:  38.5

PROJECTED SATISFACTION DATE.....: 12-25-2027
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 1-2-19 EXCLUSIVE FEDERAL CUSTODY B/RLW; 4-1-20 GCT UPDT
                PURSUANT TO FSA B/RLB; 7-9-20 GCT B/TNN; 11-29-21 DGCT UPDT B/
                TYM.C/LTP.REC J&C TO RUN CS TO 010COMP,UPDATED J&C
                02-25-22 DIS GCT B/SNC
```


```
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

## Declaration of Demetrius Holmes

The following statements are true and accurate to the best of my knowledge and belief:

1. My name and inmate ID no. are Demetrius Holmes and 47161-074.

2. I am over the age of 18 and capable of making the following declarations as I have first hand knowledge of the events stated herein.

3. I am an inmate at F.C.I. Forrest City Low and currently reside in housing unit Wynne Delta housing unit.

4. I am aware that by making the following statements I may be subjected to retaliation by the prison staff members who are named herein.

5. On August 12, 2019 I plead guilty to 18 U.S.C. §1791, posession of a prohibited object in prison, a misdemeanor. (Exhibit H1).

6. I was sentenced to 2 months for this, to be served consecutively with my current sentence.

7. I will not be finished with that sentence until sometime in 2027 (exhibit H2).

8. The First Step Act states that you are only ineligible while "serving a sentence that is ineligible." 18 U.S.C. § 3632(d)(4)(D).

9. Since I am not currently serving that sentence, I should be eligible to get the benefits of the F.S.A..

10. On 10-26-2022 I began the Administrative Remedy Process to address this issue by filing a BP-8 (Informal Resolution Attempt).

11. On 11-03-2022, the Unit Manager replied stating that I am ineligible for applied F.S.A. credits because of a sentence I am not yet serving (exhibit H3).

12. On 11-08-2022 I filed the BP-9 (Request for Administrative Remedy) (exhibit H4).

13. The unit team is denying me access to F.S.A. credit application in violation of 18 U.S.C. § 3632(d)(4)(D).

I certify under penalty of perjury that the aforementioned statements and supporting documents are true and accurate to the best of my knowledge and belief.

Signed this the _18_ day of _November_____, 2022.


_Demetrius Holmes_
Demetrius Holmes
47161-074
F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336

Witnessed by:

_____
06990-028
F.C.I. Forrest City Low
P.O. Box 9000
Forrest City, AR 72336


Cc:

Case 4:19-cr-00317-JJV   Document 5   Filed 08/12/19   Page 1 of 4

AO 245I (Rev. 11/16)   Judgment in a Criminal Case for a Petty Offense
Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of Arkansas

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 2 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

UNITED STATES OF AMERICA

v.

DEMETRIUS HOLMES

**Judgment in a Criminal Case**
(For a Petty Offense)

Case No. •   4:19cr00317 JJV

USM No.   47161-074

Sonia Fonticiella
_____
Defendant's Attorney

## THE DEFENDANT:

☑ **THE DEFENDANT** pleaded    ☑ guilty   ☐ nolo contendere to count(s)   1 of the Misdemeanor Information

☐ **THE DEFENDANT** was found guilty on count(s)   _____

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1791(a)(2) | Possession of a Prohibited Object in Prison | 7/16/2018 | 1 |

The defendant is sentenced as provided in pages 2 through   4   of this judgment.

☐ **THE DEFENDANT** was found not guilty on count(s)   _____

☐ Count(s)   _____   ☐ is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   5778

Defendant's Year of Birth:   1977

City and State of Defendant's Residence:
Oak Ridge, Tennessee

8/8/2019
_____
Date of Imposition of Judgment

_____
Signature of Judge

Joe J. Volpe          U.S. Magistrate Judge
_____
Name and Title of Judge

8/12/2019
_____
Date

```
FORBD  540*23 *            SENTENCE MONITORING         *    09-29-2022
PAGE 001          *         COMPUTATION DATA          *    12:12:15
                              AS OF 09-29-2022
```

H2

REGNO..: 47161-074 NAME: HOLMES, DEMETRIUS


FBI NO..........: 427913AB8          DATE OF BIRTH: 03-09-1977  AGE:  45
ARS1...........: FOR/A-DES
UNIT...........: WYNNE U             QUARTERS.....: W14-127U
DETAINERS......: NO                  NOTIFICATIONS: NO


FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 05-03-2027

THE INMATE IS PROJECTED FOR RELEASE: 11-03-2027 VIA GCT REL


--------------------CURRENT JUDGMENT/WARRANT NO: 010 --------------------

COURT OF JURISDICTION...........: TENNESSEE, EASTERN DISTRICT
DOCKET NUMBER...................: 3:13-CR-00161-023-PL
JUDGE...........................: REEVES
DATE SENTENCED/PROBATION IMPOSED: 04-11-2016
DATE COMMITTED..................: 05-04-2016
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                   FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00         $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

  REMARKS.......: DKT# 3:13-CR-00161-023-PLR-HBG

-----------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 391    21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:846/841(A)(1)/(B)(1)(B) CONSPIRACY TO DISTRIBUTE & POSSESS
         W/INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF COCAINE.  CT1

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  188 MONTHS
  TERM OF SUPERVISION............:    4 YEARS
  DATE OF OFFENSE................: 12-02-2013




   G0002      MORE PAGES TO FOLLOW . . .
```

```
  FORBD  540*23 *           SENTENCE MONITORING        *      09-29-2022
PAGE 002        *           COMPUTATION DATA           *      12:12:15
                            AS OF 09-29-2022


REGNO..: 47161-074 NAME: HOLMES, DEMETRIUS



---------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION..........: ARKANSAS, EASTERN DISTRICT
DOCKET NUMBER..................: 4:19CR00317 JJV
JUDGE..........................: VOLPE
DATE SENTENCED/PROBATION IMPOSED: 08-08-2019
DATE COMMITTED.................: 08-08-2019
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $00.00          $25.00          $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 114      18:1791 CONTRABAND IN PRISON     FSA INELIGIBLE
OFF/CHG: 18:1791(A)(2) CT1 POSSESSION OF A PROHIBITED OBJECT IN PRISON

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:     2 MONTHS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS TO 010
  DATE OF OFFENSE................: 07-16-2018

-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-08-2021 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-11-2019 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010







G0002       MORE PAGES TO FOLLOW . . .
```

```
 FORBD  540*23 *              SENTENCE MONITORING          *      09-29-2022
PAGE 003 OF 003 *             COMPUTATION DATA             *      12:12:15
                               AS OF 09-29-2022

REGNO..: 47161-074 NAME: HOLMES, DEMETRIUS


DATE COMPUTATION BEGAN..........: 04-11-2016
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   190 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    15 YEARS       10 MONTHS
AGGREGATED TERM OF SUPERVISION..:     4 YEARS
EARLIEST DATE OF OFFENSE........: 12-02-2013

JAIL CREDIT....................:   FROM DATE      THRU DATE
                                   12-16-2013     04-10-2016


TOTAL PRIOR CREDIT TIME.........: 847
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 713
TOTAL GCT EARNED................: 290
STATUTORY RELEASE DATE PROJECTED: 11-03-2027
ELDERLY OFFENDER TWO THIRDS DATE: 07-07-2024
EXPIRATION FULL TERM DATE.......: 10-16-2029
TIME SERVED....................:     8 YEARS        9 MONTHS      14 DAYS
PERCENTAGE OF FULL TERM SERVED..:  55.4
PERCENT OF STATUTORY TERM SERVED:  63.3

PROJECTED SATISFACTION DATE.....: 11-03-2027
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 8-28-19 DGCT B/KRW; 9-4-19 UPD TO ADD COMP 020- 2 MTHS C/S TO
                COMP 010.B/KRW; 1-8-21 DGCT B/SCM;










S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

H3

Bureau of Prisons Program Statement No. 1330.13, <u>Administrative Remedy Program</u>, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate=s Name: _DEMETRIUS HOLMES_ Date: _10/26/22_

Register Number: _47161-074_ Unit: _W-D_

Specific Complaint and Requested Relief: _THE §1791(a)(2) that was_

_handed down on 8/12/19 was a consecutive sentence, according_

_to the language in the First Step Act, you must be "serving"_

_that sentence in order to be deemed ineligible. My projected_

_release date for the current offense is 11/3/27 which means I_

_am not "serving" that 60 day sentence yet._

Efforts Made By Inmate to Informally Resolve Grievance (be specific): _____

_____

_____

_____

Counselor=s Comments: _Your conviction for 18 USC 1791(a)2 -_
_Possession of A Prohibited Object in Prison makes you ineligible_
_to Apply federal time credits pursuant to the First Step_
_Act regardless of your original conviction._

_11/2/2022_ _for 11/2/2022_
Correctional Counselor=s Review Date     Unit Manger=s Review Date

DATE BP-9 was ISSUED _11/3/2022_

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

H4

---

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **HOLMES, DEMETRIUS**     **47161-074**     **W-D**     **FORRESTCITYLOW**

LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST**

        This administrative remedy request is timely, I was responed to on 11/2/22, after filing a BP-8 on 10/26/22.

According to the First Step Act language, "SERVING A SENTENCE", unless my 18 U.S.C.§1791(a) is "currently being served", the original sentence which I have been serving, is eligible for application of earned credits for productive activity and programming. The Bureau of Prisons determinations as to how to combined those two sentences has nothing to do with the fact that they still remain two seperate sentencings that have two two seperate statutes with two different application requirements.

_11/8/22_
DATE

_Demetrius Holmes_
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

---

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**     CASE NUMBER: _____

    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)